Doe *ex dem.* Sheftall *et al., vs.* Roe casual ejector, and Roberts.

DOE *ex dem.* SHEFTALL *et al., vs.* ROE, casual ejector, AND ROBERTS.

1. Testator, by one clause in his will, provides: "Respecting my tract of land called the Tanyard, it is my will that the same be equally divided between my heirs, hereafter named, but that they shall not have it in their power to dispose of or sell any of their shares for twenty years;" and by another: "It is my will that whatever part or share of my estate, either real or personal, which shall come to either of my daughters, hereafter named, the same shall not be liable, under the control, or subject to any debt or debts of any husband they intermarry with; that before any such intermarriage shall take place, the portion of my estate which they shall inherit, shall be settled on trustees for their sole and only use, and to be disposed of by my said daughters as they may think proper:" *Held,* That these provisions do not vest or give an unlimited power of disposition, but only of such interest as they take under the other clauses of the will.

2. That if a testator gives, in one part of his will, an absolute estate, and in a subsequent clause cuts down such estate to a less interest, the prior gift is restricted accordingly.

3. L. S., by his will, provided: "In case of the death of either of my children, to-wit: B., H., J., M., E., S., A., or A., before the division takes place, or after, without issue legally begotten, then, and in that case, the portion of him or them so deceased shall be only inherited and divided between my heirs, the survivor, or survivors of my eight children, heretofore named. In case of my sons or daughters should intermarry and die, leaving issue legally begotten, they shall not inherit their father's or mother's portion of my estate before they attain the age of eighteen years, and in case of the death before they attain that age, the property of the father or mother so deceased shall return to the children: I mean the eight so often mentioned:" *Held,* That the limitation was not void for remoteness, but that the devise was limited to take effect on a definite failue of issue.

Tried before Judge FLEMING, in Chatham, in May, 1859.

On the 26th day of May, in the year 1859, during the regular Term of the Superior Court of Chatham county, his Honor, WM. B. FLEMING, one of the Judges of the Superior Courts of the State of Georgia, presiding, the cause of John Doe on the demise of Solomon Sheftall and Abigail M. Hart, heirs and devisees of Levi Sheftall, against Richard Roe—that is to say, Hiram Roberts, tenant in possession,

being an action of ejectment pending on the common law side of the Superior Court of Chatham county aforesaid, on appeal, came on to be heard; whereupon, it was then and there agreed in open Court, between the Counsel for the plaintiff and for the defendant, that the construction of the last will and testament of Levi Sheftall, (a copy of which is hereunto annexed as a part of this bill of exceptions,) under which the lessors of the plaintiff claimed title, and the plaintiff asserted his right to recover, should be submitted, upon argument, and a special verdict to his Honor the presiding Judge, who might render his decision thereupon in vacation. In pursuance of which agreement, argument was then and there had for the plaintiff and defendant; and afterwards, on the eighth day of June, in the year aforesaid, during the said regular Term of the said Court, the jury, having been regularly empanneled and sworn, rendered, by consent of counsel for the plaintiff and defendant, a special verdict in the said cause, which appears of record.

The said Judge afterwards, to-wit: on the 2d day of August, in the year 1859, rendered and filed his decision in writing, wherein, among other things, he decided that the children of Levi Sheftall, under whom the defendant claims, did not take under the will of the said Levi Sheftall, estate for life only, but estates of inheritance in *fee-simple*, in the property in question; and that the limitations over, in favor of the survivor or survivors of the children of the said Levi Sheftall, contained in the concluding clauses of the said will, are too remote.

Whereupon, counsel for the plaintiff excepted, and say—

1st. That his Honor erred in deciding that the children of Levi Sheftall, under whom the defendant claims, did not take, under the said will, estates for life only in the property in question.

2d. That his Honor erred in deciding that the children of the said Levi Sheftall, under whom the defendant claims, took, under the said will, estates of inheritance in *fee-simple*, in the property in question.

3d. That his Honor erred in deciding that the limitations over, in favor of the survivor or survivors of the children of the said Levi Sheftall, in the concluding clauses of his said will contained, were too remote.

Doe *ex dem.* Sheftall *et al.*, *vs.* Roe, casual ejector, and Roberts.

4th. That the decision of his Honor is erroneous and contrary to law.

*Copy of Will of Levi Sheftall.*

"STATE OF GEORGIA, Chatham County:

"In the name of God, Amen. I, Levi Sheftall, of the city of Savannah, in the county and State aforesaid, being of sound mind and memory, and knowing that it is appointed for all men to die, but being certain of the resurrection of the dead, do hereby declare this to be my last will and testament, in manner and form following, revoking all former wills and testaments heretofore made or done by me, imploring my Creator to receive my soul into His holy keeping. Respecting my burial, I have left written directions to my family; therefore it is useless to mention it here. As to my worldly affairs, which it has pleased God to bless me with, it is my will that my executors and executrix have full power and liberty to sell and dispose of any part of my estate, either real or personal, if it is thought by them and my heirs to be of benefit to the estate, but not otherwise, except that tract of land known by the name of the Tanyard, contiguous to Savannah, which will be hereafter mentioned in what manner it is to be disposed of. All sales made by my executors and executrix must be with consent of my heirs, or the Court of Ordinary, and the monies arising from such sales must be invested in other property, real or personal. Should it so happen that any dispute arises between my heirs, every such dispute shall be left to, and determined by three respectable and indifferent persons chosen by the parties, and whose decision shall be final and binding, and if either of the parties should be dissatisfied with the said decision, and institute an action, he, she or them so doing shall only be entitled to ten dollars as their share of my estate, both real and personal, and such forfeited share or shares shall be equally divided amongst my heirs—I mean my sons and daughters at present unmarried, and them only. This I do in order to prevent my heirs going to law with each other. It is my will that my dear wife, Sarah Sheftall, shall keep in her possession my houses, negroes, and every species of my property for and during her life; but in case she marries, then and in that case,

she shall only draw an equal share of my estate with my heirs.

"It is my will that what I leave to my heirs—the profits of which being sufficient to maintain them decently—they keep together and live in the house or houses until a division takes place—that is, if they think proper. No division of my estate shall take place during my wife's widowhood; that when the time arrives when a division must take place, it shall be in the following manner: The value of the property shall be first ascertained by three respectable appraisers, then be sold agreeably to advertisement on a particular day, to the highest bidder, on a reasonable credit, taking bond and mortgage on the property sold or disposed of and further security, if my executors and executrixes think proper. The purchase-money must be paid by installments, so that the youngest child may have an equal chance with the eldest, as it is my wish that every one of my heirs may be well satisfied with what is done; therefore, whenever my sons and daughters arrive to the age of nineteen years, then they be considered my executors and executrixes equal to those that may be qualified.

"Respecting my tract of land called the Tanyard, it is my will that the same be equally divided between my heirs hereafter named, but that they shall not have it in their power to dispose of or sell any of their shares for twenty years after my decease. It must be clearly understood that the whole of the tract of land is meant by the name Tanyard, which contains upwards of forty acres, including the surplus, for which said surplus I have a grant of upwards of thirty years old. My heirs may lease or build on any part of it for them to reside on; (if leased) the profits must be for the benefit of them all. Lot (20) twenty I recommend the greatest care of, its being this city, its value is great.

"It is my will that whatever part or share of my estate, either real or personal, which shall come to either of my daughters hereafter named, the same shall not be liable, under the control or subject to any debt or debts of any husband they may intermarry with; that before any such marriage shall take place, the portion of my estate which they inherit shall be settled on trustees for their sole and only use, and to be disposed of by said daughters as they may think proper.

" My son, Levi Sheftall, was possessed of a half lot of land in Savannah, (adjoining Robert Greer's,) and a negro boy named Carolina, and as he died in Charleston, and on his death-bed requested his uncle, Mr. Emanuel De Lamotta, to remember he left his property to his god-son and brother Abraham Sheftall, and my said son Levi Sheftall being a minor at the time of his death, and leaving no will, and the property coming to me, as his father, under the laws of the State, I therefore, in compliance with his request, bequeath to my son, Abraham Sheftall, the said half lot and negro boy named Carolina, as his property forever after the decease of his mother, this property to be his, exclusive of his share of my estate, real or personal, which he may be entitled to.

"I give and bequeath to my son Solomon, my negro boy named Cork, as also the sum of three hundred dollars, this sum to be paid him when my estate is divided; these gifts are exclusive of his equal share of my estate, both real and personal. I give to my son Emanuel Sheftall, my negro boy named London. This gift is also exclusive of his equal share of my estate, both real and personal. I give to my son Mordecai Sheftall, a negro wench named Sprouncer, with her four children, to-wit: Rose, George, Venus and Jane, and her future issue and increase, to him forever after the decease of his mother. This gift is exclusive of his equal share of my estate, both real and personal.               .

"It is my will that my estate be divided in the following manner, and to the following named person only; that is to say, to my dear wife, on the conditions before mentioned; to my son Benjamin Sheftall, one share, under certain conditions that will be hereafter mentioned; to my daughter Hannah Sheftall, one equal share of my estate; to my daughter Judith Sheftall, one equal share of my estate; to my son Mordecai Sheftall, one equal share of my estate; to my son Emanuel Sheftall, one equal share of my estate; to my son Abraham Sheftall, one equal share of my estate; to my daughter Abigail Minis Sheftall, one equal share of my estate; to my daughter Perla, the wife of Isaac Russell, I give the sum of five dollars; this is all she shall have of my estate, both real and personal—this to be paid her after the division aforesaid. No support shall be given her out of my estate on any pretence, and it is my will that my executors and executrixes do not, on any consideration, suffer her to

Doe *ex dem.* Sheftall *et al.*, *vs.* Roe, casual ejector, and Roberts.

dwell on any part of my land or live in any of my houses; I give to my dear daughter Sarah DeLyon, the wife of Abraham DeLyon, the sum of ten dollars; this to be considered a full share of my estate, both real and personal. I gave my daughter Sarah DeLyon, at her marriage, a valuable property—more than any of my children will enherit from me; this is the only reason, and not a want of parental affection, that I have left her in my will ten dollars.

. "The part of my estate, real and personal, which I give to my son Benjamin Sheftall, is subject to the following conditions, and absolutely bound by the following trust, and upon no other terms or conditions shall he enjoy any part of my estate; to my sons Mordecai Sheftall and Emanuel Sheftall, in trust for my son Benjamin Sheftall, an equal share of my estate, both real and personal, the said Benjamin Sheftall to have and receive the rents and issues and profits of the property aforesaid for his support and maintenance during the term of his natural life, and not to be subject to the debts of the said Benjamin Sheftall; but in case he should marry and die without issue legally begotten, then and in that case the said property, both real and personal, and the profits thereof, shall be divided between my heirs, hereafter named, to-wit: Hannah Sheftall, Judith Sheftall, Mordecai Sheftall, Emanuel Sheftall, Solomon Sheftall, Abraham Sheftall, and Abigail Minis Sheftall, and no other person whatsoever. But should he leave issue at the time of his death, lawfully begotten, in that case, they shall have and receive that portion of the estate which was vested in the hands of the trustees for the use of the said Benjamin Sheftall, provided they live to the age of eighteen years, not otherwise; and in case they do not live to the age of eighteen years, then and in that case the property shall revert to my heirs, Hannah, Judith, Mordecai, Emanuel, Solomon, Abraham and Abigail Minis Sheftall.

"In case of the death of either of my children, to-wit: Benjamin, Hannah, Judith, Mordecai, Emanuel, Solomon, Abraham or Abigail before the division takes place, or after, without issue legally begotten, then and in that case the portion of him or them so deceased shall be only inherited and divided between my heirs, the survivor or survivors of my eight children, heretofore named. Lest a false interpretation may be given to my meaning in this my will, I deem it highly

Doe *ex dem.* Sheftall *et al., vs.* Roe, casual ejector, and Roberts.

proper to say, that in no case are my daughters Sarah De-Lyon and Perla Russell, to inherit any part or portion of my estate on the decease of any of my eight children.

"In case any of my sons or daughters should intermarry and die, leaving issue legally begotten, they shall not inherit their father's or mother's portion of my estate before they attain the age of eighteen years; and in case of the death before they attain that age, the property of the father or mother so deceased shall return to my children : I mean the eight which I have so often mentioned.

"It is my particular request and desire that my old faithful negro man, London, who has labored hard with me forty years and upwards, be kindly, carefully and well treated as long as he lives.

"I do hereby appoint my dear wife, Sarah Sheftall, executrix, my sons Benjamin, Mordecai and Emanuel Sheftall, executors, and my daughters Hannah and Judith Sheftall, executrixes to this, my last will and testament, resigning myself to the mercy of my Creator, hoping that my soul will be received by Him.

"Done at the city of Savannah, this fourth day of July, eighteen hundred and eight, and in the thirty-third year of American independence.

"LEVI SHEFTALL,     [L. S.]"

This will was duly proved and recorded.

H. WILLIAMS, for plaintiff in error.

LLOYD & OWENS, and LAW, BARTOW and LOVELL, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The controversy in this case grows out of the will of Levi Sheftall and the disposition made therein of that part of his estate called in the will "the tanyard tract."

The facts appearing from the record are, that Judith Sheftall and Hannah DeLyon, widow of Abraham DeLyon, two of the children of the testator, conveyed their shares in the tanyard tract to the defendant, Hiram Roberts, and died subsequently without having had issue.

Solomon Sheftall and Abigail M. Hart bring this suit for the recovery of the premises so conveyed, as the only surviving devisees of the testator, and claim that, on the death of Judith and Hannah, without issue, the title, under the will, vested in them as the survivors.

On the trial of the case in the Court below, the presiding Judge held, that under the will, the children of the testator, or the first takers, took an absolute fee in the property on two grounds:

1st. That the absolute power of sale, given by the will to the children of testator, carried the fee.

2d. That the limitation over was too remote, or created an estate-tail in the first takers, and thereby vested the fee absolutely in them.

Does the will give to the children an absolute or unlimited power of disposition? We think not. The clauses of the will from which this power of disposition is claimed is, first: "Respecting my tract of land called the tanyard, it is my will that the same be equally divided between my heirs, hereinbefore named, but that they shall not have it in their power to dispose of, or sell, any of their shares for twenty years after my decease;" which, it is said, is equivalent to saying, that after twenty years they shall have the power to dispose of or sell any of their shares. Concede that, and the most that can be claimed is, that they may sell their shares; that interest which they take in this tract under the will. This power of disposition is consistent with the estate given. It no more vests in them the power of absolute and unlimited sale and disposition of the land, than the part of this clause which directs a division among the heirs, vests in them the whole title. The power is next claimed as to the daughters, in the next clause; that is, "it is my will that whatever *part* or *share* of my estate, either real or personal, *which shall come* to either of my daughters, hereafter named, the same shall not be liable, etc.; that before any such marriage shall take place, the *portion of my estate which they shall inherit*, shall be settled on trustees, for their sole and only use, and to be disposed of by my said daughters as they shall think proper." Now if, according to a proper construction of this will, nothing was given to them in the tanyard tract but a life-interest, either expressly or by implication, or a life-estate to be enlarged into a fee on the having of issue, or

what else, is not that the part or share given, or the portion which they will inherit, all the power is given to dispose of? We think so.    But allow that we are wrong, has there been a marriage and settlement on trustees with power to the daughters to sell?    To all of which, the power is *restricted.* It is not pretended.    Again : Concede that we are mistaken in this view, and that these clauses do give an unlimited power of disposition, and hence carry the absolute fee, and a subsequent clause of the will, expressly or by implication, cuts down such interest to a life-estate or other estate less than a *fee-simple*, this clause giving the power must give way to the subsequent disposition.    " If a testator, in one part of his will, gives to a person an estate of inheritance in lands or an absolute interest in personalty, and in a subsequent passage unequivocally shows that he means the devisee or legatee to take a life interest only, the prior gift is restricted accordingly."    1 *Jar. on Wills*, 412.    So that the whole question turns upon the construction to be given to the following clause :

" In case of the death of either of my children, to-wit: Benjamin, Hannah, Judith, Mordecai, Emanuel, Solomon or Abigail, before the division takes place or after, without issue legally begotten, then and in that case, the portion of him, her or them so deceased shall be only inherited and divided between my heirs, the survivor or survivors of my eight children, heretofore named ;" and further : " In case of any of my sons or daughters should intermarry and die, leaving no issue legally begotten, they shall not inherit their father's or mother's portion of my estate before they attain the age of eighteen years, and in case of their death before they attain that age, the property of the father or mother so deceased, shall return to my children : I mean the eight which I have so often mentioned."    Is the limitation over void for remoteness ?    We think not.    The superadded words in the last clause granted, to-wit: " leaving issue legally begotten, they (the issue) shall not inherit their father's or mother's portion of my estate until they attain the age of eighteen years," plainly import, that the issue meant the children of the first takers, and that the limitation must, of necessity, take effect within eighteen years after the death of testator's children, and that the estate shall either vest then in such issue or go over.

There is another circumstance in this will which more conclusively shows, to my mind, that the testator did not intend an indefinite, but a definite failure of issue, and that is this, to be found in the clause immediately preceding those under consideration ; I mean the provision in relation to Benjamin's share of this same property, the testator says : "but in case he (Benjamin) should marry and die without issue legally begotten, then and in that case, the said property, both real and personal, and the profits thereof shall be divided," etc. But should he leave issue *at the time of his death,* lawfully begotten, in that case, they shall have and receive that portion of the estate which was vested in the hands of trustees for the use of said Benjamin, provided they live to the age of eighteen years—not otherwise ; and in case they do not, then over. Looking to this item, then, as a manifestation of the intention of the testator, as to when the limitation should take effect, can any doubt but that he intended a definite failure of issue. The contingency in that case depends *on his leaving issue at his death.* If he did not intend an indefinite failure in the one case, he did not in the other. It is of the same property, the limitation over is to the same persons, and it is only to make a separate provision as to Benjamin's use of the property during his life, that this clause was inserted in the will. He (Benjamin) is equally included under the next clauses—is expressly named in them ; in fact, these three several clauses, forming, as they do, the testator's final and general disposition of the residuum of his estate, in which all of the devisees are alike interested, must be taken and construed together to get the testator's intention ; and so taken, it is clear that the limitation over is on a definite failure of issue, and therefore good.

Judgment reversed.