O. J. RICE, *et al.*, Appellants, v. ADELL MOYER, *et al.*

**Wills:** CONSTRUCTION. Under a will providing that "I * * * will and bequeath to my wife * * * my brick store building * * * and the proceeds arising therefrom, and all the loose property, at her death it goes to her daughter A.," the wife takes only a life estate in the house.

*Appeal from Tama District Court.*—HON. JOHN R. CALDWELL, Judge.

THURSDAY, JANUUARY 30, 1896.

PROCEEDING for the construction of a will. Judgment, from which the plaintiffs appeal.—*Affirmed.*

*Struble & Stiger* for appellants.

*W. H. Stivers* and *S. M. Endicott* for appellees.

GRANGER, J.— Alfred Rice died testate in 1890, and the following is his will: "Traer, Iowa, July 21st, 1890. Know all men by these presents, that I, Alfred Rice, being of sound mind, do will and bequeath to my wife, Betsey Rice, my brick store building, situated on lot 31-32, block 14, in Traer, and the proceeds arising therefrom, and all the loose property, at her death it goes to her daughter, Adell Moyer. And to my nephew, Bruce Rice, house on lot 16, block 24, in Traer. And to my nephew, Willie Stone, sum of $100.00 in cash, to be left in the care of R. H. Moore until he becomes of age. The rest of the property to be equally divided among my children, Earl D. Rice, O. J. Rice, H. M. Rice, Arch Rice. And I appoint Adell Moyer and Charlie Moyer administrators of my estate. Alfred Rice." Betsey Rice died in 1892, and this proceeding presents the single question of whether the devise to her of the brick building in Traer is a fee or life estate. It is not questioned but that, as to "all the loose property," her interest was a life estate, with a remainder to the defendant, Adell Moyer. It seems to us that the same construction is applicable to the real estate. The entire bequest is made in a single sentence, and it is a single bequest as much as it could be with the specification of more than one class or kind of property. It is a grant of the store building and all of the loose property. We know of no rule of construction by which the pronoun "it" is to refer to one part of the property granted more than to the other. We regard it as a single grant of property of different kinds. It is a gift of property, one part of which is loose and the other not. The two designations are essential to identification. No case coming to our notice is like it. We are referred to such cases as *In re Will of Burbank*, 69 Iowa, 378 (28 N. W. Rep. 648), and cases cited therein, wherein it is

held that the effect of words which would amount to a devise of a life estate is so changed by words granting a right of absolute disposition of the property as to make the devise one of an estate in fee. That rule has no application to this case. No one provision of this will is repugnant to another. In this case we are only to determine the effect of the remainder granted. The case of *Andrews v. Schoppe*, 84 Me. 170 (24 Atl. Rep. 805), is quite instructive on the subject of construing wills, and we quote as follows: "It has been well said that it is extremely difficult to construe one will by the light of decisions upon other wills framed in different language. Unless the words used are very similar, they are more likely to mislead than to assist in coming to a correct conclusion." The language is especially applicable to this case. Except as to announcing the well-known rule that the intent of the testator is to control, the cases do not aid us; for they are so different as to make the language quoted inapplicable to them. It is not important to say more. The case, because of its singularity, calls for our judgment as to the meaning of the language employed by the testator. Our view accords with that of the district court and its judgment is AFFIRMED.