COCHRAN, executor, *et al. v.* HUDSON, ordinary, for use, etc.

1. A will declared the testamentary intention as follows: " I give, devise, and bequeath to my beloved wife . . all my property, both real, mineral, and personal, wherever it may be. I also give to her my dwelling-house and the use of all improvements, also [certain described lots of land], to have and to hold the same her natural life, and after her decease I devise, bequeath . . the above " to four named daughters. *Held,* that the wife took an estate for life in all of the property of the testator, both real and personal, with remainder to his daughters.
2. The language of this will was unambiguous, and parol evidence was inadmissible to show the testator's intention; but inasmuch as the parol evidence introduced tended to support the construction given above, its admission was harmless.
3. It clearly appearing that the defendant in error has brought to this court superfluous and immaterial portions of the record, it is adjudged that the costs thus incurred be paid by him.

Argued April 27, — Decided May 11, 1900.

Exceptions to auditor's report. Before Judge Janes. Paulding superior court. August term, 1899.

*A. J. Camp, A. L. Bartlett,* and *L. M. Washington,* for plaintiffs in error. *J. J. Northcutt,* contra.

SIMMONS, C. J. In the year 1888 Jerry Wood died leaving a will, the portion of which necessary to the present discussion was as follows: "I give, devise, and bequeath to my beloved wife, A. M. Wood, all my property, both real, mineral, and personal, wherever it may be. I also give to her my dwelling-house and the use of all improvements, also [certain described lots of land], to have and to hold the same her natural life, and after her decease I devise, bequeath, and therefore in the follow-

ing manner I desire and direct the above be equally divided between my four daughters as follows," etc. The wife and one Cochran were appointed executrix and executor of the will. It seems that Cochran alone qualified. The wife lived until 1897. After her death, the four daughters mentioned in the will filed their equitable petition against Cochran, the executor, for an account and settlement, claiming that their mother (Mrs. Wood) had been given only a life-estate in any of the testator's property. The executor claimed that these daughters were not entitled to recover, as legatees under the will, any of the personal property of the testator; that the will gave to the widow of the testator an absolute fee in the personal property, and a life-estate in the described realty. The case was referred to an auditor to report on the accounts of the executor. The auditor was given power to decide questions both of law and of fact which arose in the litigation. In his report on the law of the case he held that the contentions of the executor were sound, and that the will gave to the widow a life-estate in the real property only, and an absolute estate in the personalty. So far as we can understand the auditor's report and the exceptions thereto, he seems to have refused, in the hearing before him, to admit parol evidence as to the intention of the testator in regard to the personalty and as to the value of the personalty which went into the hands of the executor. The plaintiffs filed two exceptions of law to these rulings of the auditor; first, that he had erroneously construed the will in holding that it gave the widow a life-estate in the land only, and an absolute estate in the personalty; and, second, that it was erroneous to exclude the evidence above mentioned. When the case came on for a hearing in the superior court, the judge sustained these two exceptions and ruled that the will gave the widow a life-estate only in all of the property of the testator, both real and personal, and that the daughters took the remainder in all; and also that the auditor erred in excluding the evidence above mentioned. The auditor, while he excluded the evidence as to the intention of the testator and as to the value of the personalty which went into the hands of the executor, made a calculation as to the liability of the executor in case the evidence should have been admitted. On this calculation he found that

the executor was liable, in the event the widow was entitled to a life-estate only in the real and personal property of the testator, in a certain amount.    No exceptions of fact having been filed, the judge, having ruled on the questions of law as above detailed, directed a verdict for the plaintiffs for the amount so found by the auditor.    The only questions argued here were as to the alleged error of the judge in sustaining the two exceptions to the auditor's report, that is, as to the construction of the will and the admissibility of the evidence.

1. We think that the will is unambiguous as to both the real and the personal property of the testator. In our opinion it was clearly the testator's intention to give his wife only a life-estate in each.    The fact that he described the realty more particularly, after a general devise of all of his property, does not show that he intended the limitation to the life of the wife to apply to that property only.    The will was evidently written by a person unskilled in writing such instruments, and he may have thought it was necessary to describe the land in order to pass the title.    At any rate, the estate of the wife is limited to her life in all the property, for the will declares that she is " to have and to hold *the same*" for her life only.    The words "the same" apply to all the property devised and bequeathed in this portion of the will.    In disposing of the remainder interests in this property, the will uses the words "the above." It will be observed that the testator first gave everything he owned to his wife, and the subsequent language seems clearly to limit her estate therein to her life.    When the words "the same" and "the above" were used, they evidently referred to all the property just above described and applied to all of it. We think it clear that it was the intention of the testator to give to his wife a life-estate only in all of his property, both real and personal, with remainder in all to his four daughters. It was contended that the first clause or sentence of this part of the will gives the wife the absolute fee in the entire property, real and personal, and the succeeding clause, which undertakes to limit her estate to her life, is repugnant to the first, and is therefore void. This position, even if the clauses be conceded to be separate, is answered by the decision in the case of *Sheftall* v. *Roberts,* 30 *Ga.* 453, where it was held that

"if a testator gives, in one part of his will, an absolute estate, and in a subsequent clause cuts down such estate to a less interest, the prior gift is restricted accordingly."

2. The judge's construction of the will having been correct, he did not err in sustaining so much of the second exception to the auditor's report as complained of his ruling out evidence of the value of the personal property which went into the executor's hands. The daughters had the remainder interest in the personalty, and were, of course, entitled to an accounting for it. There being no ambiguity in the will, it was erroneous to sustain that part of the exceptions which complained of the ruling out of evidence of the testator's intention as to the personal property. Inasmuch, however, as the evidence was in consonance with what we think the will meant, it was harmless, and will, therefore, not work a reversal of the case.

3. This case was brought here purely on questions of law,—the construction of the will and the admissibility of the evidence to which objection had been made. The plaintiffs in error specified, as necessary to be brought to this court, only such parts of the record as were necessary to a clear understanding of the errors complained of. The defendant in error was not satisfied with this specification of record, but applied to the judge, under section 5536 of the Civil Code, to order all of the evidence sent up. The judge granted the order, and in compliance therewith the clerk sent up 110 additional pages of written evidence taken before the auditor, consisting mainly of an inventory and appraisement of the testator's personal property, list of notes and accounts, sale-bill of personal property, returns of the executor, and things of that sort, not one of which throws the least light upon the questions made by the bill of exceptions. It was wholly unnecessary to burden this court with the task of looking over this mass of immaterial matter; and therefore we direct, under the Civil Code, § 5536, par. 2, that the defendant in error pay the clerk's cost in the court below for bringing up this immaterial and superfluous matter.

*Judgment affirmed, with direction. All the Justices concurring, except Fish, J., absent.*