SCHOEN *et al.,* executors, *v.* ISRAEL.

No. 6738. JULY 12, 1929.

*Spalding, MacDougald & Sibley* and *Walter W. Visanska,* for plaintiffs in error.

*A. A. & E. L. Meyer* and *George Westmoreland,* contra.

RUSSELL, C. J. On July 9, 1906, Mrs. Caroline Adler, who was then a resident of Berlin, Germany, prepared and wrote in her own hand her last will and testament, and on July 6, 1907, added a codicil. In the will she stated that she intended to marry Heisig Isador Schaal, and that she had made a marriage settlement by which he was to receive 60,000 German marks from her estate. Thereafter she did marry Schaal; and it appears that the only

child of the testatrix, Sadie Adler, now Mrs. Sadie Adler Israel, settled the legacy to the husband of the testatrix, who himself died subsequently to the death of the testatrix. No question was made as to the validity of the will or codicil or probate on the hearing, which was had by agreement of parties before his honor Judge Humphries, of Fulton superior court, without the intervention of a jury. The will and codicil were duly admitted to record in the court of ordinary of Fulton County, on January 11, 1915. The executors named were Jacob Eiseman, Jacob Elsas, and Sigmund Weil; but Eiseman and Elsas declined to qualify, and Weil became the sole executor and took charge of and administered the estate of the testatrix until his death in 1925. He left a will naming his wife, Mrs. Bertha Weil, as executrix, which was duly proved and admitted to record; and she qualified as executrix, and thereby became ipso facto executrix of the will of Mrs. Caroline Schaal, and so continued until her death on December 25, 1925. She left a will appointing Gabriel H. Schoen and W. W. Visanska as executors, who qualified as such, and thereby became ispo facto executors of the will of Mrs. Caroline Schaal. None of the executors named have ever fully administered and wound up the estate of the testatrix.

Mrs. Sadie Adler Israel filed a petition against Schoen and Visanska as executors, in which she prayed that the will be construed, and for an accounting, and that the estate of Mrs. Schaal be delivered to her as her absolute property. The rulings of the court as to the contentions of Mrs. Israel and all questions of accounting have been acquiesced in by the parties, and the only exception is to the construction given to items 6 and 7 of the will. These items are as follows: "6. All the rest and remainder of my personal property of whatsoever description I give, devise, and bequeath to my beloved and only daughter Sadie absolutely, and all my real estate I give and bequeath to my daughter Sadie for and during her natural life, with remainder to her children. 7. Should my daughter die childless, then the estate bequeathed in item 6 shall be divided equally between my brothers and sisters and their heirs per stirpes; but should my daughter Sadie die without issue, leaving a husband surviving, said husband shall receive one half of the estate herein devised to her, and my brothers and sisters the other half in the same manner as they

would have received the whole. This bequest to include the remainder interest in the realty devised in item 6." At the time the will was executed the testatrix owned real estate in Fulton County, but at the time of her death all her holdings had been converted into personal property. The trial court construed item 6 to bequeath to Mrs. Israel absolutely and in fee simple the entire residue of the estate of Mrs. Schaal, and adjudged that item 7 did not reduce the estate, consisting solely of personal property, to a life-estate or a base fee, or any lesser estate.

We are of the opinion that the court, construing the two items together, correctly adjudged that the petitioner was entitled to the entire estate in the hands of the executors, subject to such allowances and deductions as are set forth in the decree. It will be noted that as to the personal property of the testatrix no limitation is placed upon the daughter's title. By item 6 this class of property is bequeathed to Mrs. Israel "absolutely." Courts will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intention to limit the devise is clearly and unmistakably manifest. *Smith* v. *Slade,* 151 *Ga.* 176 (106 S. E. 106), and cit. In *Kimbrough* v. *Smith,* 128 *Ga.* 690, 692 (58 S. E. 23), this court said: "When the words of the will in the first instance distinctly indicate an intent to make a clear gift, such gift is not to be cut down by any subsequent provision which is inferential, and which is not equally as distinct as the former." See Brittain *v.* Farrington, 318 Ill. 474 (149 N. E. 486). "An estate granted in plain and unequivocal language in one clause of a will therefore can not be lessened or cut down by a subsequent clause, unless the language therein is as clear, plain, and unequivocal as that used in the first grant." 28 R. C. L. 241, § 206. "Every will is a thing to itself, and in the construction of a will it is the duty of the court to diligently seek the intention of the testator, and give it effect where no rule of law is violated. This cardinal rule of construction is the statute law of this State." *Thomas* v. *Owens,* 131 *Ga.* 248, 253 (62 S. E. 218). "The law favors the vesting of remainders in all cases of doubt." Civil Code (1910), § 3680; *Hudgens* v. *Wilkins,* 77 *Ga.* 555; *Crossley* v. *Leslie,* 130 *Ga.* 782, 787 (61 S. E. 851, 14 Ann. Cas. 703). Construing the terms of items 6 and 7 in the light of the language there employed and the principles

applicable thereto as above set forth, it appears evident that it was the intention of the testatrix that her daughter, Mrs. Israel, should receive "the remainder of [her] personal property . . absolutely," and take a life-estate in the real estate of the testatrix, as was adjudged by the trial court.

*Judgment affirmed. All the Justices concur.*