WATTS, guardian, *et al.* v. FINLEY *et al.*

No. 12494.  MARCH 8, 1939.

632

*Joe M. Lang,* for plaintiffs in error.

*Neel & Ault, Finley & Henson,* and *J. G. B. Erwin,* contra.

REID, Chief Justice. Only headnote 6 requires elaboration. In item 3 the testatrix bequeathed all of the residue of her property, real and personal, to her sister, Annie M. Finley, but failed to state the character or duration of the estate intended to be therein devised. Nevertheless, under the terms of this item, if they be considered disassociated from the other provisions of the will, a fee-simple estate would pass, by virtue of the rule existing in this State that "every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance." Code, § 85-503; *Hill* v. *Hill,* 161 *Ga.* 356 (2) (130 S. E. 575). The question is whether the remaining provisions of the will disclose an intention to devise a lesser estate. In the next item the testatrix provided, in effect, that at the death of Annie M. Finley the residue of her property should go to the children of her nephews. It is axiomatic in the construction of wills that the intent of the testator as gathered from the entire instrument is to control. Code, § 113-806. Thus it has been said: "If two clauses of a will are so inconsistent that both can not stand, the later will prevail; but the whole will is to be taken together, and operation is to be given every part of it, if this can be done without violating its terms or the intention of the testator. And the intention of the testator is to be sought by looking to the whole

will rather than to detached parts of it." *Rogers* v. *Highnote,* 126 *Ga.* 740 (56 S. E. 93) ; *West* v. *Randle,* 79 *Ga.* 28 (3 S. E. 454) ; *Thornquist* v. *Oglethorpe Lodge,* 140 *Ga.* 297 (70 S. E. 1086). The question presented depends largely on the meaning that should be given to the words "residue of my property," as used in item 4. When the entire will is read, and especially items 3 and 4, with a view of finding a consistent and harmonious testamentary scheme of disposition of the property, it seems to us that the words "residue of my property," as used in item 4, refer to and are descriptive of the property devised to Annie M. Finley in item 3, and at least should not be construed to mean less than the whole of such property reduced by that which may be destroyed in the use.

It is true that where property is devised in language sufficient to pass a fee-simple estate, the devise should not be held to convey a lesser estate unless it is clear from a subsequent provision of the will that such was the intention of the testator. *Smith* v. *Slade,* 151 *Ga.* 176 (106 S. E. 106) ; *Marlin* v. *Citizens Bank,* 180 *Ga.* 741 (180 S. E. 734) ; *Schoen* v. *Israel,* 168 *Ga.* 779 (149 S. E. 124) ; *Moore* v. *Cook,* 153 *Ga.* 840 (113 S. E. 526) ; *Daniel* v. *Stewart,* 152 *Ga.* 423 (110 S. E. 178) ; *Taylor* v. *Reid,* 144 *Ga.* 437 (87 S. E. 469). Yet where, as in the present case, the devise apparently passes a fee-simple estate and does so merely because of the absence of an expressed intent as to what character of estate was actually intended to be devised, and in a subsequent provision the property is devised to others at the death of the first devisee, such provisions should be held to grant a life-estate with remainder over, else such subsequent provision must be held to have no meaning. See Coleman v. Griffin, 203 Ky. 109 (261 S. W. 890) ; Canaday v. Baysinger, 170 Iowa, 414 (152 N. W. 562) ; Stivers v. Gardner, 88 Iowa, 367 (55 N. W. 516) ; Bender v. Bender, 292 Ill. 358 (127 N. E. 22) ; Hatcher v. Rice, 213 Ala. 676 (105 So. 881) ; Rice v. Moyer, 97 Iowa, 96 (66 N. W. 94). Cf. Tillerson v. Taylor, 282 Mo. 204 (220 S. W. 950), decided under a statutory provision. The provision attached to the devise to the children, that the property be used "for educational purposes," is not to be construed as a restriction upon the gift, but merely as an expression of a desire on the part of the testatrix, that, if possible, the property be so used. Nor do such words authorize a different construction of this item. Whether the testatrix intended to convey a fee-simple estate is

to be gathered from all of the provisions of the will; and this being done, the two items of the will above considered present no real conflict. See *Vaughn* v. *Howard*, 75 *Ga.* 285, where it was held that where the second item of a will gave all of testator's lands to his wife for life, "in fee simple," and the fourth item devised certain of the same lands to testator's son, and the rest to his three daughters, the latter item did not defeat the former, but, construing the whole will together, it was the intention of the testator to give his wife a life-estate, with remainder to his children. See also *Broach* v. *Kitchens*, 23 *Ga.* 515; *Phillips* v. *Crews*, 65 *Ga.* 274; *Sheftall* v. *Roberts*, 30 *Ga.* 453; *Cochran* v. *Hudson*, 110 *Ga.* 762 (36 S. E. 71).

This case is to be distinguished from those cases wherein the will provided that "in case of" or "in the event of" the death of the first devisee, the property should go to another. It should also be distinguished from those cases where an estate is devised and it is provided that "should" the devisee die, or "should" the devisee die "without children," etc., the property is to vest in another. See *Martin* v. *Citizens Bank*, supra; *Schoen* v. *Israel*, supra; *Munford* v. *Peeples*, 152 *Ga.* 31 (108 S. E. 454); *Crumley* v. *Scales*, 135 *Ga.* 300 (59 S. E. 531); *Wilcher* v. *Walker*, 144 *Ga.* 526 (87 S. E. 671); *Nicholls* v. *Wheeler*, 182 *Ga.* 502 (185 S. E. 800). In these cases death was referred to as an uncertain event; and the law favoring the first taker and the vesting of estates, it was held that such words referred to the death of the devisee before the death of the testator. In the present case the testatrix made use of the word "at," which is an adverb of time, and not of contingency; and it can not be said that she meant that at the death of Annie M. Finley before the death of the testatrix "I bequeath the property to the children of my nephews."

The terms of the will are by no means plain and unambiguous, and it was permissible to hear evidence of the pertinent circumstances of its execution. However, the evidence adduced does not, in our opinion, authorize a construction of the will different from the one we have placed upon it. With reference to the devises to Colquitt Finley, it is to be observed that the testatrix provided that they were to be used "for his personal needs," which indicates to us, as we have in effect held, that she did not contemplate the sale of the property and the payment of one half of the "proceeds" of its sale

to him in a lump sum, but, on the other hand, that she contemplated continuous payments of income during the life of Annie M. Finley. From a consideration of the entire will it seems clear that the term "proceeds" was here used in the sense of "income." When so construed, each provision of the will can be harmonized with the others, and each given effect. It follows that the judge erred in holding that the will devised to Annie M. Finley the property in fee simple, and that the children of her nephews took nothing thereunder. The court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur.*