FROST *et al. v.* DIXON *et al.*

No. 16301.   SEPTEMBER 14, 1948.

*Lewis & Lewis,* for plaintiffs.

*Pierce Brothers,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) A controlling question here is whether it was the intention of the testator that the 1116-acre tract of land at the death of his son, Baldwin B. Miller Jr., without issue, was to vest absolutely in the testator's then living children or descendants of deceased children, under item 4 of his will, or whether the

provisions of item 5, limiting the estate there given to a life estate with the provision that should one of his named children die without issue the others should hold only a life estate in the deceased child's portion, would also include the property described in item 4.

Under item 4, after giving the son, Baldwin B. Miller Jr., a life estate in the 1116-acre tract, it was then provided that, if this son die without issue, "I direct that the property . . shall descend and be divided between all of my children then living and the lawful children of any deceased child per stirpes." Though this item does not use specific language to convey expressly an absolute estate to the surviving children, in the event of the death of the life tenant without issue, yet it does not mention and limit any less estate. The Code, § 85-503, provides that every conveyance, properly executed, shall be construed to convey the fee, unless a less estate is mentioned and limited in such conveyance. Applying this Code section to the above-quoted language used in item 4 by the testator, it becomes clear that under this item, upon the death of the life tenant, the surviving brothers and sisters were given an absolute estate in the 1116-acre tract.

Plaintiff in error insists that, construing the will in its entirety and particularly item 5, the surviving brothers and sisters of Baldwin B. Miller Jr. took only a life estate in the 1116-acre tract described in item 4. The following part of item 5 is relied upon for this interpretation: "Should, however, any of my children above named receive from one another under this will the property herein given them, I direct that the same shall be subject to the same trust and limitations which attached to it in the hands of the deceased child." It is insisted that this sentence applies also to the 1116-acre tract described in item 4.

In ascertaining the intent of the testator, we examine the will as a whole and scrutinize each sentence. Each sentence should be given the weight it deserves when considered in connection with the entire plan of the will, or any distinct part of it, but no separate sentence should be overemphasized so as to distort the underlying testamentary scheme. Where property is devised in language sufficient to pass a fee-simple estate, the devise should not be held to convey a lesser estate unless it is clear from a subsequent provision of the will that such was the intention of

the testator. *Moore* v. *Cook,* 153 *Ga.* 840 (4) (113 S. E. 526); *Schoen* v. *Israel,* 168 *Ga.* 779 (149 S. E. 124); *Martin* v. *Citizens Bank of Marshallville,* 180 *Ga.* 741 (180 S. E. 734).

"The general rule is that courts will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intention to limit the devise is clear and unmistakably manifest." *Smith* v. *Slade,* 151 *Ga.* 176 (2) (106 S. E. 106).

In viewing the will as a whole, we find that by item 3 the testator directed attention to the fact that he had already given his daughter Frances V. Schley more than the amount left to the children of his present wife, and accordingly no bequest is made to her. By item 4 a life interest in the 1116-acre tract is given his son, Baldwin B. Miller Jr. Then by item 5 all of the residue (expressly eliminating the 1116-acre tract) is given "my last children," naming them, under the provisions there stated. Whether Baldwin B. Miller Jr. was a child by a former wife is not made clear, but it is apparent that the testator made three separate divisions of his property among his children, treating both Mrs. Frances V. Schley and Baldwin B. Miller Jr. separately, and his "last children" jointly.

In order to construe the terms and conditions in item 5 under which "my last children" were to hold the residue of the estate, as being sufficient to reduce the remainder estate provided for in item 4 from a fee-simple estate to a life estate it would, under the rules of law set forth above, have to be clear that such was the intention of the testator, and that this intention was clearly and unmistakably manifested. We do not construe this item of the will as manifesting any such intention. If the will should be construed as meaning that upon the death of Baldwin B. Miller Jr., the life tenant nominated in item 4, the interest in the 1116 acres there described would be controlled by the provisions made in item 5 for disposition of the residue to "my last children," such construction would necessarily have to be done by implication.

This case differs from that of *Watts* v. *Finley,* 187 *Ga.* 629 (1 S. E. 2d, 723). In that case, by item 3 of the will, the property devised apparently passed a fee-simple estate to Annie M. Finley because of the absence of an expression as to what character of estate was actually intended to be devised; and subsequently by

item 4 it was provided that the identical property, at the death of Annie M. Finley, was bequeathed to certain named parties. It was there held that Annie M. Finley took a life estate with remainder over, as otherwise the subsequent provision must be held to have no meaning. The instant case differs, in that items 4 and 5 deal with separate and distinct property; and also the provision in item 5, as to the character of the estate in the event of the death of one of his children without issue, can be given a clear meaning as to the intent of the testator with regard to the property devised in that item.

Nor do we construe the will in the instant case to contain such inconsistent provisions as to invoke Code § 113-407, providing: "Where there are inconsistent provisions in the same will, the later provision shall prevail."

Under the ruling here made, it follows that Mrs. Louisa M. Frost had an absolute estate, and not a life estate in the 279-acre tract when it was sold by the sheriff; and accordingly the trial judge did not err in sustaining a general demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*