27464. DONEHOO et al. v. DONEHOO et al.
27465. CITIZENS SOUTHERN NATIONAL BANK OF GEORGIA v. DONEHOO et al.

ARGUED SEPTEMBER 12, 1972—DECIDED OCTOBER 5, 1972.

Gunter & McDonald, Douglas W. McDonald, Tom E. Lewis, Smalley, Cogburn & Evans, Robert H. Smalley, Jr., for appellants.

*Albert G. Ingram, Beck, Goddard, Owen, Squires & Murray, J. C. Owen, Jr., King & Spalding, Jack H. Watson, Jr., C. David Vaughan,* for appellees.

NICHOLS, Justice. 1. Under the decision of this court in *Brewton v. McLeod,* 216 Ga. 686 (119 SE2d 105), the plaintiff, as co-executor under the will of his deceased wife, was entitled to maintain the present action for construction of the will regardless of whether he would have been entitled to declaratory judgment and the trial court did not err in failing to sustain the motion to dismiss for failure to state a claim or for lack of standing of the co-executor to bring a petition for construction of such will. Thus, no reversible error appears from the failure of the trial court to expressly rule upon such motion.

2. The will of Mrs. Helen McClain Donehoo provided in part: Item Three: "If the inter vivos trust created by my late father, Donald S. McClain, as grantor, with the Trust Company of Georgia, as trustee, under date of August 12, 1935, should not have terminated at the date of my death, and also if the trust created under the will of my father shall likewise not have terminated at the date of my death, then, in that event, the provisions of the trust agreement and the trust created under the will shall necessarily follow the direction of the trust agreement and of the trust created under my father's will."

"Item Four: If my husband survives me, and the aforementioned trusts have not been terminated, then I hereby will, bequeath, and devise all the residue and remainder of my property, of whatever kind and character, both real and personal, to my husband, Philip Donehoo, Jr."

Item Five of such will provided in part: "If the aforementioned trusts have terminated prior to my death, or either of them, then I hereby will, bequeath and devise to my husband a part of my estate . . ." This paragraph of the will then provided for the estate to be evaluated so as to determine its value for Federal estate tax purposes with her husband receiving the maximum marital deduction permitted under Federal estate tax law.

While it appears from the judgment rendered by the trial court that an issue was made in that court as to whether the trust referred to in Item Three of Helen McClain Donehoo's will as being contained in her father's will was executed or executory, at the time of Helen McClain Donehoo's death, yet from the briefs and oral argument of all concerned parties in this court no such issue is now made and all parties agree that such trust was executory.

Except for the phrase in Item Five of the will "or either of them," referring to the two trusts created by her father having been terminated, there could be no contention that the will contains a conflict.

Item Three of the will is nothing more than a disclaimer of any attempt to will that to which the testatrix was not entitled to dispose of, and a recognition of how such property would be disposed of.

Item Four then gives the remainder of her estate to her husband if the "trusts have not terminated," and the language in Item Five gives her husband only one half of her estate if *either trust has terminated.*

"In ascertaining the intent of the testator, we examine the will as a whole and scrutinize each sentence. Each sentence should be given the weight it deserves when considered in connection with the entire plan of the will, or any distinct part of it, but no separate sentence should be over-emphasized so as to distort the underlying testamentary scheme." *Frost v. Dixon,* 204 Ga. 268, 271 (49 SE2d 664). "Where there are inconsistent provisions in the same will, the later provision shall prevail." *Code* § 113-407. "When called upon to construe a will, the court may hear parol evidence of the circumstances surrounding the testator at the time of its execution; so the court may hear parol evidence to explain all ambiguities, both latent and patent." *Code* § 113-807.

Thus, the question is what effect did the language in Item Five of the will "or either of them" have upon the will? If such language, when considered with the whole will, can be reconciled so as to carry into effect one testa-

mentary scheme without ambiguity or conflict, such intention controls. If such language creates a conflict, then Item Five as the last expression would prevail and if considered an ambiguity, then parol evidence would be permissible to explain such ambiguity.

The judgment of the trial court holding that the plaintiff co-executor would take under Item Four of the will and not under Item Five was based upon the use of the plural "trusts" in both Item Four and Item Five of the will. In rendering such written opinion no reference was made to the language "or either of them" found in Item Five. In the absence of such additional words the judgment of the trial court would unquestionably have been correct.

However, the use of such words changed Item Five so that such item of the will would be operative if either of the trusts had terminated. But did this create an ambiguity or conflict with Item Four? When items three, four and five are read together, a testamentary scheme is shown as follows: If the trusts referred to in Item Three had not terminated, she wanted her estate to go to her husband, but if either had terminated, then her estate was to be divided between her husband and children. The language in Item Four, when considered with Items Three and Five, is only operative if both trusts were still executory at the time of the death of the testatrix, and no conflict or ambiguity is contained in such items of the will.

Accordingly, based upon the finding of the trial court that the inter vivos trust had terminated prior to the death of the testatrix, which fact was not disputed in this court, the judgment of the trial court is reversed insofar as it held that the plaintiff, Philip Joseph Donehoo, Jr., took under Item Four of his wife's will.

*Judgment affirmed in part; reversed in part. All the Justices concur.*