### 29448. STEVENS v. CITIZENS & SOUTHERN NATIONAL BANK et al.

JORDAN, Justice.

Appellees, as trustees under the will of Allen A. Stevens, filed an action for declaratory relief to determine the legal responsibilities of Gertrude Jessop Stevens, alleged to be the life tenant, for repairs to certain property devised to her under the terms of her deceased husband's will. One of the defendants, Alice Stevens Fillingame, is the daughter and only child of the decedent and Gertrude Jessop Stevens and has a remainder interest in the property. After a hearing the trial judge concluded that the will devised to the defendant Gertrude Jessop Stevens a life estate in said property, that the trust created under the will was for the benefit of his child or children and not for the benefit of the wife and that the life tenant has the duty to make the necessary repairs to maintain the property. Mrs. Stevens appeals from this judgment dated September 13, 1974.

1. Appellant's first and third enumerations of error contend that the trial court erred in holding that the trust created in the testator's will did not apply to appellant and that she was responsible for repairs to the eight acres and home place.

The third item of the will provides that appellant shall have a life estate in the property and home place with the remainder interest to testator's child or children. The remainder interest was made subject to a trust set up in the fifth item of the will which provides in part that "The share of my estate to be held in trust for my child or children, including the property in which my wife, Gertrude Jessop Stevens, has a life estate in the event

that said life estate shall terminate by her death, I give, devise and bequeath to Robert M. Hitch, and to the Citizens & Southern National Bank, a national banking association of Savannah, Georgia, as trustees . . ." In the sixth item of the will the trustees were given the power to sell and give good title to all of his property save his home place and the land on which it sits.

The conflicting portion of the will is contained in the seventh item. After giving repetitive powers of private sale, the testator provided that "The power of private sale shall not include the power to sell my home property at Sunbury, Liberty County, Georgia, mentioned in item third of this my last will and testament. I desire that my Executors and Trustees shall hold this property as a home for my wife first and then for my child or children, whenever my wife's interest in such property should terminate. However, realizing that this wish and desire on my part may become impractical or undesirable with the passage of time I authorize my Executors and Trustees to sell said property upon a petition and order obtained in the Superior Court of Liberty County, Georgia, the proceeds thereof to be subject to the same trusts and limitations as are hereinbefore more specifically set forth. The Judge of the Court, I am sure, will understand and appreciate my wishes and at the time give weight to the changes which may arise with the passage of years."

The appellant contends that since the third and seventh item of the will are in conflict the latter provision should prevail under Code § 113-407. While it is true that if two provisions of a will are in irreconcilable conflict the latter will prevail, this rule is invoked only when it is impossible to construe the two provisions together. If it is possible, any inconsistent provisions of a will will be resolved before any provision is destroyed. *Frost v. Dixon,* 204 Ga. 268 (49 SE2d 664); *Rigdon v. Cooper,* 203 Ga. 547 (47 SE2d 633).

Taking the will as a whole, we conclude that the testator clearly manifested his intention to keep the life estate granted in item third of the will separate from that property under the trust until after the death of the life tenant. The provision for sale in the seventh item of the

will was merely to provide for a manner of sale in the event that retention of the home place and property was no longer economically feasible.

2. The appellant further contends that the trial court was not authorized to order that she "make the necessary repairs and to maintain the property." A life tenant is required to exercise ordinary care for the preservation and protection of the property. Code § 85-604. The appellees in their complaint prayed in part as follows: "That the court determine what repairs are the legal responsibility of the life tenant, Defendant Stevens, in this case"; and "that the court direct the parties hereto to take action appropriate" to its adjudication of the prayers of the petition.

It is clear from the above that the question was before the court and that the trial judge did not err in including the relief prayed for in his order.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 9, 1974 — DECIDED FEBRUARY 4, 1975.

*B. Daniel Dubberly, Jr.,* for appellant.

*Adams, Adams, Brennan & Gardner, M. Lane Morrison, Rene D. Kemp, A. G. Wells,* for appellees.

