## 36875. BROWN et al. v. CLIFTON.

SMITH, Justice.

Trust Company Bank, an executor under the will of Ben Hill Clifton, brought an action to determine who is entitled to certain bonds, a note, convertible preferred stock and certificates of deposit titled solely in the name of the decedent. Item 8 of the will provides: "All of the bonds, bank accounts, savings accounts, building and loan accounts and other similar property I may own at the time of my death in the name of myself and/or my said wife shall be the sole property of my said wife and my Executors shall make no claim against her on account thereof." The trial court held "Item Eight conveys all the property named therein to the Testator's wife, whether such property is held jointly by the Testator and his wife in both of their names or in either of their names separately."

Appellants are the nephews and nieces of the decedent. They contend that Item 8 of the will cannot properly be construed as a bequest to the decedent's wife of property titled solely in his name. We agree with appellants' contentions, and accordingly, we reverse.

"In construing a will the paramount rule is to ascertain the intention of the testator, and give complete effect thereto; and every portion of the will should be considered which may aid the court in discovering the intention of the testator. *Ivey v. Davis,* 175 Ga. 607 (165 SE 605)." *Mills v. Tyus,* 195 Ga. 119, 120-121 (23 SE2d 259) (1942); *Yerbey v. Chandler,* 194 Ga. 263, 265 (21 SE2d 636) (1942).

"[T]he paramount object is the ascertainment of the intention of the testator by looking to 'Its four corners' and giving consideration to all of its parts. [Cits.]" *Lewis v. Mitchell,* 216 Ga. 526, 527 (117 SE2d 901) (1961). "Each sentence should be given the weight it deserves when considered in connection with the entire plan of the will, or any distinct part of it, but no separate sentence should be overemphasized so as to distort the underlying testamentary scheme." *Frost v. Dixon,* 204 Ga. 268, 271 (49 SE2d 664) (1948); *Donehoo v. Donehoo,* 229 Ga. 627, 629 (193 SE2d 827) (1972). "Consideration and force should be given to all parts of the will, if possible, without allowing one clause to destroy another." *Jackson v. Brown,* 203 Ga. 602, 605 (47 SE2d 867) (1948).

In items 1 through 6 of the decedent's will, a bequest or devise is stated in the following terms: "... I give, devise and bequeath," "I give and devise" and "I give and bequeath." The decedent made substantial bequests in items 1 through 4. Item 5 of the will creates a trust comprised of 40% of the estate for the benefit of the wife. She has a power of appointment over the trust property. If the power is not exercised, the trust property is to be added to the trust created in Item Six. Item Six directs that "[a]ll of the rest, residue and remainder of my property of every kind and description, and wherever located ..." go into a testamentary trust. The income from this trust is for the benefit of the wife during her life. Item 6 (c) provides: "This trust shall terminate upon the death of my wife, and the Corporate Trustee shall distribute the entire trust property then remaining to my nieces and nephews and my wife's nieces and nephews ... or the survivors of them ..." After the above dispositions are made, Item 7 states that "[t]he provisions made in this Will for my wife are in lieu of dower and year's support."

In view of the above provisions, we cannot conclude that Item 8 was intended to dispose of property owned solely by the decedent. The decedent had clearly disposed of *all* of his property in the first six items of his will. See *Stevens v. C. & S. Nat. Bank,* 233 Ga. 612, 613 (212 SE2d 792) (1975). The language employed in Item 8 stands in stark contrast to that employed in Items 1 through 6, which unequivocally express an intention to make a gift or devise. See *Barker v. Haunson,* 174 Ga. 492, 500 (163 SE 163) (1932).

"The intentions of a testator ... are not to be determined by arbitrary conjecture as to what he meant nor by consideration of detached portions of the will." *Aiken v. Aiken,* 209 Ga. 819 (1) (76 SE2d 481) (1953). To adopt the construction of Item 8 advanced by appellee and approved by the trial court would, in our view, create unnecessary distortions in the decedent's overall testamentary scheme. See *Comer v. C. & S. Nat. Bank,* 182 Ga. 1, 5 (185 SE 77)

(1935). The judgment is therefore reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed. All the Justices concur, except Marshall, J., who concurs in the judgment only.*

DECIDED MARCH 18, 1981.

*Mackay & Elliott, David L. G. King, Jr.,* for appellants.
*Gary D. Zweifel, Walter Akerman, Jr.,* for appellee.