39576, 39577. YOUNG v. ELLIS; and vice versa.

WELTNER, Justice.

Gladys G. Ellis is the widow of Roy B. Ellis, whose will, duly probated, named Louise E. Young as Executrix.

The dispute represented in these two appeals may be summarized as follows: does the will put the widow to an election between year's support and taking under the will? Is the widow entitled during her life to all the income of the estate?

1. Mrs. Ellis received an award for year's support from the probate court, which was set aside in the superior court, the trial judge interpreting the will as requiring an election, under the theory that "her claim for Year's Support being inconsistent with the Will and so repugnant to its provisions that to allow the Year's Support would necessarily defeat the overall intentions of the testator."

We have recently treated this issue in *Adams v. Adams,* 249 Ga. 477, 480 (3) (291 SE2d 518) (1982), which reiterated the well-established proposition outlined in *Bowen v. Bowen,* 200 Ga. 572 (2) (37 SE2d 797) (1946), as follows: "Ordinarily, a widow is entitled to a year's support; and in case of testacy, in order to put the widow to an election between the provisions made in her favor in the will and her right to a year's support under the statute, such testamentary provision in her favor must be either expressly made in lieu of year's support, or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that the claim of year's support would be inconsistent with the will or so repugnant to its provisions as necessarily to defeat them. *Chambliss v. Bolton,* 146 Ga. 734 [(92 SE 204) (1917)]."

The scheme of the testator in this case is not unusual. The will devised to the widow a life estate in the marital home, and directed payment by the estate of taxes, insurance, and certain maintenance expenses on the family home. It contained a further provision, as will be seen below, relative to income to the widow during her lifetime.

Inasmuch as the unquestioned desire of the testator was to provide certain basic needs to the wife during her lifetime, we are unable to discern any manifest implication of the will that would require the widow to elect between year's support and the benefits of the will. Because any award of year's support must bear a reasonable relationship to her actual needs, subject to review by an appropriate court, we find that the widow is not barred from claiming year's support, and to that extent the orders of the trial court are inappropriate.

2. The other matter of contention concerns the interpretation of Paragraph 3 of Item III of the will, which, provides: "That all of the

income and proceeds hereinbefore cited, or that portion of same that is necessary, be used to pay to my wife the sum of $400.00 per month for her use and benefit and care and maintenance during her lifetime (she also being eligible for and having available to her the proceeds from Social Security in addition thereto)."

The trial court interpreted this provision to require the trustee to pay over to the widow the entire income of the estate, relying upon the preceding paragraph of Item III, as follows: "That all other of my assets, including savings accounts, savings certificates, stocks, bonds, and income from notes, security deeds, and any other like income, be used by my Trustee for the benefit of my wife, as hereinafter set out."

Viewing the will as a whole, as we must, it is apparent that the intention of the testator was to provide a life estate in a dwelling, to provide essential maintenance and expenses for the dwelling, and to provide to his widow in addition a stated sum of money, fixed by him at $400.00 per month.

We note that the use provision in Paragraph 2, "That all my other assets . . . be used by my trustee for the benefit of my wife, *as hereinafter set forth*" (emphasis added), is not an unlimited direction, but is subject to the limitations of Paragraph 3.

This interpretation is further reinforced by Paragraph 3 which specifically observes that only that portion of the income and proceeds from the estate "that is necessary" shall be used to pay to the widow the sum of $400.00 per month.

Accordingly, the will is not susceptible to the interpretation given by the trial court, but rather limits entitlement of the will from the trust, independent of dwelling expenses and the provision made in Paragraph 4 of Item III for last illness and funeral expenses, to $400.00 per month. *Chandler v. Chandler,* 249 Ga. 575 (292 SE2d 685) (1982); *Brown v. Clifton,* 247 Ga. 353 (276 SE2d 41) (1981).

*Case No. 39576 judgment reversed. All the Justices concur.*

*Case No. 39577 judgment reversed. All the Justices concur, except Marshall, P. J., who dissents as to Division 1.*

DECIDED APRIIL 5, 1983 —
REHEARING DENIED APRIL 25, 1983.

*Perry, Walters & Lippitt, H. Holcombe Perry, Jr.,* for appellant.
*Watson, Spence, Lowe & Chambless, G. Stuart Watson, Gregory L. Fullerton,* for appellee.