VAUGHN vs. HOWARD, and vice versa.

[Jackson, C. J., did not preside in these cases, on account of providential cause.]

1. Where the second item of a will gave all of testator's lands to his wife for life, "in fee simple," and the fourth item devised certain of the same lands to testator's son, and the rest to his three daughters, the latter item did not defeat the former, but, construing the whole will together, it was the intention of the testator to give his wife a life estate with remainder to his children.

2. The court will presume the assent of an executor to a legacy, where he has been discharged, and the life tenant has remained in possession of the land devised for some ten years thereafter.

3. The evidence in this case is sufficient to show that one who took a mortgage upon land illegally and wrongfully held had notice of the illegal and wrongful manner in which his debtor obtained the property, or at least was put upon inquiry, and was charged with notice of what he might have discovered by investigation.

4. Where four hundred acres of land were levied on and a claim was interposed thereto, but there was no contest as to the fact that sixty-five acres were subject to the fi. fa., and the claim would have been amended accordingly but for the suggestion of the court that the verdict could be so shaped as not to require the amendment, upon the return of the verdict finding all of the property not subject, except the sixty-five acres, the claimant was the prevailing party, and it was error to tax the costs of the entire case against him.

October 20, 1885.

Wills. Estates. Legacies. Administrators and Executors. Notice. Claim. Costs. Before Judge HUTCHINS. Walton Superior Court. February Term, 1885.

Reported in the decision.

SPEARMAN & FLORENCE; HILLYER & BRO., for plaintiff.

McHENRY & McHENRY; RAY & WALKER, *contra.*

BLANDFORD, Justice.

The plaintiff in error caused a certain *fi. fa.* to be levied on four hundred acres of land as the property of Dekalb Reynolds, to which Beverly A. Howard interposed a claim. The jury found three hundred and thirty-five acres not sub·ject, and sixty-five acres of the land were found by the jury subject. The court taxed all the costs against Howard, and Vaughn moved for a new trial as to so much of the verdict as found three hundred and thirty-five acres, of the land not subject. The court overruled the motion for new trial, and Vaughn excepted; and to the judgment taxing the costs against Howard, claimant, he excepted, and the case is brought here for review.

1. The first question made is as to the will of Robert Howard, deceased. The second clause of said will gives all his lands to his wife, Phronissa Howard, for life " in fee simple." The fourth item gives certain of the lands devised to his wife to his son, B. A. Howard, and the rest of the lands are devised to his three daughters. Mrs. Reynolds, Mrs. Gibbs· and Mrs. Buchanan,—these lands being the same devised to his wife, Phronissa Howard, and there being nothing in these bequests limiting the same after the death of Mrs. Howard. The plaintiff in error contends that, as the bequests to his son, B. A. Howard, and his daughters are subsequent to the bequest to his wife, this conveyed an absolute estate to the children and defeated the life estate of the wife. We do not agree to this view·presented by the learned counsel for Vaughn. But we think that, in looking at the whole will, it was the intention of the testator to give his wife a life estate in all his lands mentioned, remainder at the death of his wife to his children, such parts of said land as he allotted to each child to vest

Vaughn *vs.* Howard, and *vice versa.*

in them and be enjoyed by his children upon the death of the widow.

Testator died in 1873; his widow died in 1883. The land, three hundred and thirty-five acres, found not subject, is embraced in the bequest to B. A. Howard. There is no exception to the ruling of the court, but complaint is made that the court erred in refusing the new trial, upon the ground that the verdict is not supported by the evidence.

2, 3. By all the laws of God and man against fraud and oppression, this verdict is right. These are some of the facts of this nefarious transaction: DeKalb Reynolds, Coleman Gibbs and W. F. Buchanan, who had married the three daughters of testator, procured the sheriff of Newton county to levy on execution in favor of Wilcox, Gibbs & Company for about one hundred and fifty-four dollars, in the testator's lifetime, on this entire land, comprising one thousand acres, and of the value of four or five thousand dollars. The testator died; shortly after this, the land was sold for some fourteen hundred dollars. The execution was paid off, and no other money was paid. The sheriff made a deed to all the land to Reynolds. These three sons-in-law of testator then entered into an agreement in writing to set the will aside and divide the land equally between the heirs at law of testator, except the widow, who was to have a lifetime dower in each child's part. B. A. Howard, who was the largest legatee, never did sign the agreement or consent thereto. Thereupon Thomas A. Gibbs, the executor, assembled the legatees, that is the sons-in-law, and having obtained their receipts as for so much money paid them by him as executor, and having obtained a like receipt signed by B. A. Howard from the wife of B. A. Howard, this executor was notified by B. A. Howard that he had signed the receipt merely to obtain his legacy under his father's will. Gibbs, the executor, made return of the receipts to the ordinary, and having paid all debts of testator, was discharged. The widow, living on the home-place, remained

there until her death in 1883. Reynolds tried to get B. A. Howard to sign the agreement to set the will aside, but he refused, and Reynolds caused the sheriff to turn Howard and his wife out of possession of the land he was living on at his father's death, and they moved to the home-place, and lived with the widow until her death. Reynolds conveyed two hundred acres of land to the wife of B. A. Howard, without his consent, and the receipt was obtained from Howard, by his wife, as they both testified, in order for Howard to obtain the legacy under his father's will.

Reynolds and his wife borrowed some eight hundred dollars in money from Vaughn in 1879, and mortgaged the land levied on to secure the payment of the debt. Vaughn was in Covington when the thousand acres of land were sold and parchased by Reynolds. B. A. Howard at that time applied to him for a loan of money, with which to employ counsel to set the sale aside, so he informed Vaughn, and Vaughn knew of the will; knew that B. A. Howard claimed his legacy under the will; lived in the neighborhood; had heard of dissatisfaction with Reynolds's proceedings. In 1883, after the death of the life tenant, Vaughn foreclosed the mortgage against Reynolds and wife, and caused the levy in this case, and the claim was at once interposed by B. A. Howard.

The plaintiff in error insists (1) that there was no assent to the legacy of B. A. Howard by Gibbs, the executor, and (2) that the evidence does not show that Vaughn knew of any fraud by Reynolds, or that there was any claim to the land by B. A. Howard. The court will presume the assent of an executor where he has been discharged and the life tenant remains in possession for some ten years thereafter of the land devised. In this case, there can be no doubt as to his legal assent. The evidence in the case is sufficient to show that Vaughn had notice of the illegal and wrongful proceedings of Reynolds and his confederates; also of the claim of B. A. Howard to the land. The facts and circumstances were sufficient to put him on inquiry,

and he was chargeable with notice of all that could have been discovered, if the investigation had taken place.

The judgment in this case refusing the new trial is affirmed.

4. We do not think the court should have taxed all the costs against the claimant. The prevailing party is the claimant in this case. There was no contest between the parties as to the sixty-five acres found subject, and the record shows that the claim would have been amended, but for the suggestion of the court that the verdict of the jury could be so shaped as not to require the amendment. Now, under these facts, we think the court erred in taxing the costs in the case against Howard, as he was the prevailing party in the cause, and the judgment on the cross-bill of exceptions is reversed, and the court is directed to tax the costs against Vaughn, the plaintiff in execution.

Judgment in main case affirmed; judgment on cross-bill of exceptions reversed.