21072. LEWIS *et al.* v. MITCHELL *et al.,* Executors, *et al.*

DUCKWORTH, Chief Justice. By will, S. B. Lewis bequeathed and devised a life estate to his wife, Lucy T. Lewis, in all of his property, with remainder over to two of his daughters, Ruth and Mattie Mae, share and share alike, with power in his wife to dispose of any and all of said estate for her benefit, and upon her death the executrices of the estate—the two daughters named as legatees—to take charge of whatever estate remains. A subsequent paragraph of the will added that, in the event of the marriage or death of either of the daughters named in the devise, the share of such married or deceased daughter "shall be left intact with the other shares [could this plurality of share be a mistake of the scrivener?] of the estate," the same to be held intact for the use and benefit of the two daughters so long as either of them may be dependent or unmarried, but also giving them the right to dispose of any of the property by their agreement and concurrence. This will was probated in common form after the testator's death, and his widow never exercised the power of appointment to dispose of the property during her life. After her death, the daughters, Ruth and Mattie Mae, took possession, as executrices, of the property here involved. Before her death on February 21, 1956, Ruth executed on June 22, 1955, a deed conveying her one-half interest in said property to Lois Lewis, another sister. On June 4, 1956, Mattie Mae executed a will devising said property to Lois Lewis. The executors of the will of Mattie Mae have never executed a deed of assent to the vesting of the devise in her will. Lois Lewis entered into possession, claiming under the deed from Ruth and the will by Mattie Mae. She continued to occupy the premises during her life. She died June 1, 1960, leaving a will which was probated and letters testamentary issued to the defendants in this case. This action is by heirs of S. B. Lewis, claiming title to the property on the conten-

tion that title vested in them on the death of Ruth and Mattie Mae Lewis, for whom the estate was held intact for their use and benefit during their lives and unmarried status. Demurrers of the defendants were sustained, and the exception is to that judgment. *Held:*

1. The natural and reasonable presumption is that a testator in executing a will intends to dispose of his whole estate and not to die intestate as to any part of it, and this presumption is overcome only where the intention to do otherwise is clear and unambiguous or is necessarily implied. *Armstrong v. Merts,* 202 Ga. 483 (4) (43 S. E. 2d 512); *Schriber v. Anderson,* 205 Ga. 343 (53 S. E. 2d 490).

2. As a general rule, courts will not by construction of a will reduce an estate once devised absolutely and in fee, by limitations contained in subsequent parts of the will unless the intention to limit or reduce is clearly and unmistakably manifested. *West v. Randle,* 79 Ga. 28 (3 S. E. 454); *Thomas v. Owens,* 131 Ga. 248 (1) (62 S. E. 218); *Smith v. Slade,* 151 Ga. 176 (106 S. E. 106); *McDonald v. Suarez,* 212 Ga. 360 (93 S. E. 2d 16).

3. In the construction of a will, the paramount object is the ascertainment of the intention of the testator by looking to "Its four corners" and giving consideration to all of its parts. *Shoup v. Williams,* 148 Ga. 747 (98 S. E. 348); *Owens v. Citizens & Southern Nat. Bank,* 177 Ga. 289 (3) (170 S. E. 196). Construing the will of S. B. Lewis as a whole, it is apparent that it expresses the desire of the testator that his estate be held together so long as either or both of his daughters named therein should remain dependent or unmarried, and upon the death of one daughter the other should receive her share in fee, unless the survivor had concurred in a previous conveyance by the deceased sister. This would strongly indicate that the surviving sister alone could attack any such prior conveyance by the deceased. But we do not reach the question of validity of the conveyance by Ruth to Lois because, in the absence of that conveyance, upon the death of Ruth her interest would have vested in Mattie Mae, and since Mattie Mae willed her entire interest to Lois Lewis, her estate has title to all the property here involved, even if the deed of Ruth be invalid.

For all the foregoing reasons, the court did not err in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1960—DECIDED JANUARY 5, 1961.

*Lester Dickson, Stephens Mitchell,* for plaintiffs in error. *Northcutt, Edwards & Johnston,* contra.