25720. WILLIAMS et al. v. COWAN, Executor, et al.

UNDERCOFLER, Justice. The petition in this case seeks the construction of a will. The appellee, son of the testator, was named executor and was given the right to purchase certain real estate. Appellants, other children of the testator, brought suit to declare the purchase right void and to restrain its being exercised. This appeal is from the trial court's dismissal of the action upon motion of the appellee.

The will first devised small cash legacies to certain children. Then it provided: "Item 5. All the rest and residue of my estate, both real and personal, of every kind and character, including my farm, money in the bank, and proceeds of my life insurance policy, I give, bequeath and devise to my children, namely: Clyde Cowan, Frances Cowan Crowe, Elizabeth Cowan, Rebecca Cowan Williams, Lottis Cowan McHenry, Rose Cowan McKinzey, James Cowan, Burney Cowan and Robert Cowan, equally, share and share alike. Item 6. I give to my son Robert the right to purchase my farm of 90 acres, more or less, in Downs District, Newton County, Geor-

gia, for a sum not to exceed $5,000. And I do further expressly direct my executor to execute a deed to said land to my son Robert upon his paying to my estate the sum of $5,000. Said sale to be a private sale." *Held:*

"In the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law. . . ." *Code* § 113-806. "Where there are inconsistent provisions in the same will, the later provision shall prevail." *Code* § 113-407. In accordance with these statutes we have carefully reviewed the entire will in this case. We find the testator intended to give appellee the right to purchase his farm described in Item 6 and this provision prevails over any inconsistency with Item 5 wherein he devised the residue of his estate "including my farm" to his children. We find further that the testator intended the right to purchase given to appellee, his son, to be personal. The entire will displays the testator's special affection for the appellee and his intention to favor him personally over his other children to the extent stated in Item 6. A particular provision of the will supporting this conclusion is the statement: "At the time of making this will I have made my home solely with my son Robert." Also in appointing the appellee as executor of the will the testator stated, "And I do further give him full authority to divide my estate in accordance with the provisions of this my will, and I do expressly authorize him to sell any and all of my property at public or private sale, with or without notice, and without any order of court, *subject always to the right given to Robert Cowan in Item 6 hereof*. . ." (Emphasis supplied).

Since the right to purchase is personal to appellee, it must be exercised in his lifetime and does not violate the rule against perpetuities. See 162 ALR 581, 602 (d); 28 ALR2d 1167; 44 ALR2d 1214, 1228, § 6; 57 AmJur § 1609.5 (1969 Cum. Supp. 140); 6 Page on Wills (Rev. Ed.), p. 136, § 51.15. The right to purchase granted to appellee in Item 6 of the will is not inconsistent with any rule of law. See *Cates v. Cates*, 217 Ga. 626, 629 (124 SE2d 375).

The petition shows as a matter of law that the appellee is entitled to exercise the right to purchase granted in Item 6. Therefore, the court did not err in dismissing the appellant's petition.

The question of whether the appellants had standing under *Code* §§ 37-403 and 37-404 to seek equitable relief need not be decided.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1970—DECIDED MAY 7, 1970.

*Edward D. Wheeler,* for appellants.
*McCartney & White, Robert M. McCartney,* for appellees.