29481. AMMONS et al. v. WILLIAMS et al.

UNDERCOFLER, Presiding Justice.

Robert A. Culpepper and Essie Cowan Culpepper,

husband and wife, executed a joint and mutual will on January 10, 1964. Mr. Culpepper died on October 20, 1964, and the joint and mutual will was duly probated. Each testator owned real property and made reciprocal gifts to each other pursuant to their contract to make a joint and mutual will.

The joint and mutual will provided that after certain specific bequests were satisfied the remainder of the estate was to vest in fee simple in the survivor. Item 6 of the will provided that the survivor was "to possess and hold the estate of the first of us to die, just as though the same had been formerly conveyed to him or her prior to the decease of the testator." Item 7 of the will provided that on the death of the survivor the First State Bank of Albany was designated as the executor of whatever portion of the two estates or the proceeds derived therefrom remained in the hands of the survivor. Item 8 provided that on the death of the survivor "whatever amount or portion of our respective estates as shall remain unexpended, or undisposed of by the survivor of us, is hereby willed and devised to the First State Bank of Albany as Trustee" for their granddaughter Sabrina Allison Mann. Item 8 also provided for certain payments to be made on behalf of the granddaughter until she reached 21 years of age when the balance of the trust property would be released to her. Item 8 further provided that in the event the granddaughter did not attain 21 years of age then the remainder of the trust funds should become the property of their adopted daughter and the surviving brothers and sisters of the testators, share and share alike.

Mrs. Culpepper executed a new will on April 21, 1972, and made a different disposition of her estate than that provided in the joint and mutual will. She died on July 20, 1974.

Sabrina Allison Mann Williams and others filed a petition in the Dougherty Superior Court against the executors of Mrs. Culpepper's will. The petition asserted that after the death of Mr. Culpepper, Mrs. Culpepper took possession of all of the property and received valuable benefits under the joint and mutual will up to the time of her death in 1974; that no assent deed was

given by Mrs. Culpepper as executrix of Mr. Culpepper's will to certain property of Mr. Culpepper's; that Mrs. Culpepper commingled the property and funds of Mr. Culpepper with her own and converted the estate property to her own use. The petition prayed that the will of Mrs. Culpepper be declared null and void; that the executors of Mrs. Culpepper's estate be temporarily and permanently enjoined from probating her will; and for other relief.

The trial court enjoined the disposition of any assets of the estates and held that it was the intention of the testators under the joint and mutual will that whatever property or proceeds of the two estates was held by the survivor at the time of her decease became vested in the First State Bank and Trust Company as trustee for the granddaughter upon the death of the survivor. The appeal is from this judgment. *Held:*

1. The appellees contend that the will of Mrs. Culpepper executed in 1972 breaches the agreement made in the execution of the joint and mutual will and amounts to a fraud on them.

"Where mutual wills are the result of a contract based upon a valid consideration, and where, after the death of one of the parties, the survivor has accepted benefits under the will of the other which was executed pursuant to an agreement, equity will, where the facts are fully proved, interpose to prevent fraud, and will compel the execution of such agreement by the survivor." *Clements v. Jones,* 166 Ga. 738 (2, b) (144 SE 319); *Citizens & Southern Nat. Bank v. Leaptrot,* 225 Ga. 783 (171 SE2d 555).

The joint and mutual will in this case shows by its language that it was based on a contract between the parties. The will is replete with phrases showing that the parties agreed to a mutual disposition of their assets.

The appellants argue, however, that the joint and mutual will vested fee simple title in the survivor and cannot be reduced by limitations contained in subsequent parts of the will.

"While Code § 113-407 provides that, 'Where there are inconsistent provisions in the same will, the latter provision shall prevail,' yet 'It is a settled rule that a

court will not by construction reduce an estate once devised absolutely in fee, by limitations contained in subsequent parts of the will, unless the intent to limit the devise is clearly and unmistakably manifested' (*Nicholls v. Wheeler,* 182 Ga. 502, 505 (185 SE 800)), and 'An expressed devise cannot be cut down by a subsequent item of doubtful meaning.' *Bussey v. Bussey,* 208 Ga. 760, 764 (69 SE2d 569)." *Houston v. Coram,* 215 Ga. 101, 103 (2) (109 SE2d 41).

"In the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law . . ." Code § 113-806.

Applying these rules to the joint and mutual will involved here, we find that it was the clear intention of the testators that the survivor was to possess and hold the estate in fee simple and that whatever amount or portion of their respective estates remained unexpended or undisposed of by the survivor vested in the trustee for their granddaughter, under Item 8 of the will. *Williams v. Cowan,* 226 Ga. 319 (174 SE2d 789). We hold that the testators did not intend to authorize the invalidation of the entire joint and mutual will by deliberate act of revocation by the survivor.

It follows that the trial court did not err in enjoining the disposition of the assets of Mr. and Mrs. Culpepper contrary to the joint and mutual will provisions.

2. The complaint stated a claim and the trial court did not err in overruling the appellants' motion to dismiss.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED DECEMBER 20, 1974 — DECIDED JANUARY 29, 1975.

*D. C. Campbell, Jr., D. Lamar Stewart, Jr., Langstaff, Campbell & Plowden, R. Edgar Campbell,* for appellants.
*Anthony A. May, J. M. Forrester,* for appellees.