296 Ga. 443
FINAL COPY

S14A1406. THOMPSON et al. v. BLACKWELL et al.

MELTON, Justice.

This appeal involves the proper interpretation of a will executed by Hodge King ("Mr. King") that appeared to leave certain real property to his wife, Hattie King ("Mrs. King"), in fee simple, but that also appeared to leave this same property to Mr. King's son and his son's children upon Mrs. King's death. After Mrs. King died, the executors of her estate became involved in a legal dispute with Mr. King's grandchildren regarding whether Mrs. King's estate owned the property in question in fee simple or whether Mr. King's grandchildren held any legal interest in the property. The trial court ruled in favor of Mrs. King's estate and assessed attorney fees against Mr. King's grandchildren, prompting this appeal. For the reasons that follow, we reverse.

During Mr. King's lifetime, he and Mrs. King jointly owned four tracts of real property as tenants in common in Turner County, Georgia. Mr. King died in 1999, purporting to leave Mrs. King all of his interest in this property in fee simple, according to Item II of his will:

I give, devise and bequeath to my wife, Hattie F. King, all my

property, both real and personal, wherever located and whenever acquired, either before or after the making of this my Will, hers in Fee Simple.

However, in the very next Item of his will, Item III, Mr. King also stated that, upon his wife's death, all of his interest in the four tracts of property would be devised to his son, Theodore Roosevelt Thompson ("Thompson"), and any children of Thompson born in lawful wedlock:[1]

> Upon the death of my said wife, all of the above described property remaining at such time, I give, devise and bequeath to my son, Theodore Roosevelt Thompson, presently residing in Orlando, Florida, and to his children born in lawful wedlock. Should one or more of my son's children die, then the surviving child or children shall be entitled to that share of such deceased child.

Mrs. King died in 2012, leaving her own will and appointing her nieces, Nakamura Jenkins and Eleanor Blackwell ("Jenkins and Blackwell") as co-executrixes, heirs, and beneficiaries of her estate. In this will, she purported to devise one of the four tracts of real property to Thompson in fee simple, and the remainder of the estate to Jenkins and Blackwell. However, because there was a potential conflict between Items II and III of Mr. King's will, in that Item II

---

[1] Thompson had four daughters who met this requirement: Fayette Thompson, Diane Thompson, Rosa Myles, and Jacqueline Bragg, who are the Appellants here.

2

allegedly gave Mrs. King a fee simple interest in all of the property that Mr. King had owned as a tenant in common with her and Item III only granted Mrs. King a life estate in Mr. King's interest in this same property (with specific instructions regarding how Mr. King's interest in the property would be conveyed upon Mrs. King's death), a question remained as to whether Mrs. King had the authority to convey the property in the manner that she had outlined in her will.

Jenkins and Blackwell did not learn about the potential cloud on the title of the four tracts of real property created by Items II and III of Mr. King's will until they tried to sell the property that they thought that they owned to a third party. When Jenkins and Blackwell realized the problem, they contacted Thompson and his daughters and offered to settle with them through the quitclaim of Jenkins' and Blackwell's claimed interest in two tracts of the property if Thompson and his daughters would quitclaim their alleged interest in one tract to Jenkins and Blackwell.

Thompson signed the first draft of the proposed settlement, but his daughters refused to sign. After repeated requests and demands by Jenkins and Blackwell for Thompson's daughters to execute a quitclaim deed, the daughters

still refused. Jenkins and Blackwell filed a "Petition to Remove Cloud from Title and to Establish Title Against All the World" in the Superior Court of Turner County, and a Special Master was assigned to address the matter on February 12, 2013.

The Special Master presented his report to the superior court at a May 6, 2013 hearing, and the trial court adopted the report, concluding that the conflict between Items II and III of Mr. King's will created a cloud on the title to the four tracts of real property. He also concluded that the cloud should be removed to make Mrs. King's estate the exclusive owner of all four tracts of real property in fee simple based on Mr. King having devised his interest in the property to Mrs. King in fee simple.

The trial court also awarded attorney fees and costs to Jenkins and Blackwell pursuant to OCGA § 9-15-14 based on Thompson's daughters allegedly having "unnecessarily expanded the proceedings" after having been "given reasonable opportunity to resolve this matter" by settling with Jenkins and Blackwell. Thompson filed a Motion for Reconsideration on the trial court's order of attorney fees and Thompson's daughters filed a Motion for New Trial, both of which were denied on February 4, 2014 after a hearing. Thompson's

daughters appeal pro se.[2]

1. The primary issue to be determined in this appeal is whether Mr. King intended to convey a fee simple estate to Mrs. King through his will, or whether he intended to convey only a life estate to her with the remainder to be given to his son and grandchildren. In order to resolve this issue, we must ascertain Mr. King's intent as testator "by looking to '[the] four corners' [of his will] and giving consideration to all of its parts." (Citations omitted.) Lewis v. Mitchell, 216 Ga. 526, 527 (117 SE2d 901) (1961). We must also bear in mind that, "where property is devised in language sufficient to pass a fee-simple estate, the devise should not be held to convey a lesser estate *unless it is clear from a subsequent provision of the will that such was the intention of the testator*." (Citation omitted; emphasis supplied.) Watts v. Finley, 187 Ga. 629 (1 SE2d 723) (1939); Ammons v. Williams, 233 Ga. 534, 536-537 (1) (212 SE2d 769) (1975). See also, e.g., Vaughn v. Howard, 75 Ga. 285 (1885) (where Item II of will gave testator's wife lands for life "in fee simple" and Item IV of will gave

---

[2] To the extent that Thompson's daughters' pro se arguments are not germane to the central issues in this case – specifically, whether the trial court erred in its resolution of the conflict between Items II and III of Mr. King's will and in its award of attorney fees to Jenkins and Blackwell – those arguments will not be addressed here.

5

same lands to testator's son and three daughters, it was testator's clear intent to give wife life estate with remainder to his children). Here, as explained more fully below, based on the plain language of Items II and III of Mr. King's will, and based on our controlling precedent with respect to the type of language used in his will, we must hold that it was Mr. King's clear intention to convey a life estate in his property to Mrs. King with the remainder to be given to his son and grandchildren.

As an initial matter, the language of Item II of Mr. King's will was sufficient to convey a fee simple interest to Mrs. King in Mr. King's property. See, e.g., Watts, supra; Vaughn, supra. However, "the intention of the testator is to be sought by looking to the whole will rather than to detached parts of it . . . [and] [t]he question is whether the remaining provisions of the will disclose an intention to devise a lesser estate." Watts, supra, 187 Ga. at 633-634. In this regard, as Mr. King stated in the very next Item of his will:

> *Upon the death of my said wife*, all of the above described property remaining at such time, I give, devise and bequeath to my son, Theodore Roosevelt Thompson, presently residing in Orlando, Florida, and to his children born in lawful wedlock. Should one or more of my son's children die, then the surviving child or children shall be entitled to that share of such deceased child.

6

(Emphasis supplied.) Reading Items II and III together, it becomes clear that,

> in looking at the whole will, it was the intention of the testator to
> give his wife a life estate in all his lands mentioned [in Item II],
> remainder at the death of his wife to his [son and] [grand]children,
> such parts of said land as he allotted to each . . . to vest in them and
> be enjoyed by [them] *upon the death of the widow*.

(Emphasis supplied.) <u>Vaughn</u>, supra, 75 Ga. at 286-287. Indeed, because Mr.

King specifically stated how the property in question would be devised "upon

the death" of his wife,

> [t]his case is to be distinguished from those cases wherein the will
> provided that "in case of" or "in the event of" the death of the first
> devisee, the property should go to another. It should also be distinguished
> from those cases where an estate is devised and it is provided that
> "should" the devisee die, or "should" the devisee die "without children,"
> etc., the property is to vest in another. [Cits.] In these cases death was
> referred to as an uncertain event; and the law favoring the first taker and
> the vesting of estates, it was held that such words referred to the death of
> the devisee before the death of the testator.

<u>Watts</u>, supra, 187 Ga. at 635. However, in the instant case, the testator made use

of the word "upon," "which is an adverb of time, and not of contingency; and

it can not be said that [he] meant that at the death of [Mrs. King] before the death of the testat[or] 'I bequeath the property to [my son and grandchildren].'" Id.

Because the plain language of Mr. King's will indicates that he intended to grant Mrs. King a life estate in his property with the remainder to be given to his son and grandchildren, the trial court erred in concluding that Mrs. King's estate acquired Mr. King's interest as a tenant in common in the four tracts of land in fee simple.

2. Because, as shown in Division 1, the trial court erred by ruling in favor of Jenkins and Blackwell rather than Thompson's daughters, the trial court also erred by awarding attorney fees to Jenkins and Blackwell pursuant to OCGA § 9-15-14. Indeed, there is no basis for the trial court's conclusion that the daughters "unnecessarily expanded the proceedings" by failing to settle with Jenkins and Blackwell after having been "given reasonable opportunity" to do so, as Thompson's daughters were under no obligation to settle with Jenkins and Blackwell. Again, Jenkins and Blackwell had no claim to Mr. King's interest in the property bequeathed to Thompson and his daughters. Accordingly, we must also reverse the trial court's award of attorney fees to Jenkins and Blackwell.

Judgment reversed. All the Justices concur.

Decided February 2, 2015.

Wills. Turner Superior Court. Before Judge Reinhardt.

Fayette Thompson, pro se.
Jacqueline J. Bragg, pro se.
  Rosa Ann Myles, pro se.
  Diane Thompson, pro se.
Stephen L. Ivie, for appellees.