In the Supreme Court of Georgia

Decided:   September 12, 2016

S16A1052. ANDERSON et al. v. ANDERSON et al.
S16X1053.  ANDERSON et al. v. ANDERSON et al.

THOMPSON, Chief Justice.

This case involves a dispute over the estate of Edwin Burton Anderson, Jr. ("Burt"), between appellees, his widow, Donna Lee Morris Anderson and Robert Knox, Jr., in his capacity as the administrator of Burt's estate, and appellants, Burt's three children from his first marriage, Charles Anderson, Arthur Anderson, and Kimberly Ware Anderson.  At the time of his death, Burt owned a substantial amount of real property, including land which had been bequeathed to him by his father, Edwin Burton Anderson, Sr. ("Edwin"), in a 1962 will.  Item Six of Edwin's will provided, in pertinent part:

> I give, bequeath and devise to my son Edwin Burton Anderson, Jr. all the Lizzie Baker land on the north side of the Warrenton-Mayfield road consisting of 36 [acres] more or less, also the E. B. Anderson and the J. E. Anderson land located on the east side of the road leading from the Warrenton-Mayfield road to the Burkhalter and Hammock places, consisting of 150 [acres] more or less.  This land to go to the surviving heir or heirs of Edward Burton Anderson

Jr., at his death.

In 1998, Burt executed a general power of attorney authorizing Charles, as Burt's attorney-in-fact, to, among other things, "pledge, mortgage, or execute loan deeds for, sell, transfer, assign, exchange or otherwise dispose of any or all of [Burt's] property, real, personal or mixed under such terms and conditions as he may deem proper, and to execute and deliver good and sufficient instruments for the accomplishments thereof." In 2010, following the death of his first wife, Burt married Donna Lee Morris. On June 20, 2013, six days before Burt's death, Charles used the 1998 power of attorney to execute a deed conveying to himself approximately 280 acres of his father's property and another conveying to himself and his siblings four tracts consisting of approximately 500 acres.[1]

After Burt's death, Donna Lee Morris Anderson and Knox jointly[2] filed an action seeking, in pertinent part, (1) to set aside the June 2013 deeds and (2) construction of Edwin's 1962 will, arguing that Item Six devised the land described therein in fee simple to Burt, thereby placing that property in Burt's

---

[1] The five tracts are different from the two tracts referenced in Item Six of Edwin's will.

[2] For ease of reference and because their arguments are aligned in this appeal, we jointly refer to Donna Lee Morris Anderson and Knox as "wife" in this opinion.

2

estate upon his death. The trial court granted wife's motion for partial summary judgment on her claim to set aside the June 2013 deeds, concluding that Charles had no legal right to execute the deeds. With regard to Edwin's will, the trial court ruled that Item Six bequeathed a life estate in the described property to Burt and at his death, the fee to Burt's children. Burt's children filed an appeal docketed in this court as case number S16A1052 in which they challenge the trial court's order to the extent it granted partial summary judgment to wife and set aside the June 2013 deeds. In a cross-appeal docketed in this Court as case number S16X1053, wife argues that the trial court erred by holding that Item Six of Edwin's will granted Burt a life estate. For the reasons that follow, we reverse that part of the trial court's order challenged in S16A1052 and affirm that part the trial court's order challenged in S16X1053.

## S16A1052

1. Appellants contend the trial court erred when it granted partial summary judgment to wife and concluded, as a matter of law, that Charles breached his fiduciary duty to his father when he executed the June 2013 deeds.

We agree.[3]

Although the trial court's order cites evidence which could support the factual conclusion that Charles acted unilaterally when he executed the June 2013 deeds, there also is record evidence which, if believed, would establish that Burt expressly directed Charles to use his power of attorney to execute the deeds. Charles stated in his affidavit and deposition testimony, both of which were offered in opposition to wife's motion, that he executed the deeds "at the request of [his] father," that his father wanted him to transfer the property to Charles and his siblings using the power of attorney, and that he executed the deeds because "this was something that my father asked me to do." Viewed in favor of Charles as the non-moving party, see Johnson v. Omondi, 294 Ga. 74, 75 (751 SE2d 288) (2013), this evidence would support a finding that Charles executed the deeds only after his father directed him to do so.

Generally speaking, there can be no breach of fiduciary duty when an agent acts pursuant to the principal's express direction or with the principal's

---

[3] We find it is unnecessary, under the procedural posture of this appeal, to render an opinion regarding any alleged fiduciary duty Charles may have owed to Burt's estate or to wife. See OCGA § 23-2-58 (defining confidential relations). Our decision, therefore, does not depend in any way on the trial court's finding that the execution of the June 2013 deeds rendered Burt's estate insolvent.

approval because, under such circumstances, there is no conflict between the position or interests of the agent and those of the principal. See Hodges v. Callaway, 279 Ga. 789, 794 (3) (621 SE2d 428) (2005) (attorney-in-fact did not violate his fiduciary duty and was not precluded from accepting inter vivos gift of real property from principal because gift was made at the principal's direction); LeCraw v. LeCraw, 261 Ga. 98, 99 (401 SE2d 697) (1991) (transfer of property by attorney-in-fact may be proper if power of attorney is not obtained by fraud, the power of attorney expressly confers the right to make the transfer, and the evidence indicates the principal's intent that the transfer occur); Stewart v. Stewart, 240 Ga. App. 573, 575 (524 SE2d 267) (1999) (recognizing that fiduciary relationship created by power of attorney does not foreclose making of gifts of principal's property in favor of the attorney-in-fact); Consolidated Equities Corp. v. Bird, 195 Ga. App. 45, 48 (2) (392 SE2d 276) (1990) (affirming grant of summary judgment on claim for breach of fiduciary duty brought against one partner where the undisputed evidence showed that all partners consented to the transfer of partnership interests). See also Smith v. Harvey-Given Co., 182 Ga. 410, 414-415 (185 SE 793) (1936) ("'It is contrary to public policy for an agent, without the full knowledge and consent of his

principal, to do any act, or make any contract, in carrying out the business of his agency, the effect of which will be to bring the personal interests of the agent in antagonism with those of the principal. [Cit.].'"). Because there is record evidence which would support a finding that Burt expressly directed and authorized Charles to execute the June 2013 deeds, there was a genuine issue of disputed fact pertaining to Charles' legal authority to execute the deeds. It follows that the trial court erred by granting partial summary judgment to wife on her claim to set these deeds aside. See Moreno v. Smith, 2016 Ga. LEXIS 461 (1), *8 (July 5, 2016) ("[C]ourts are not authorized to weigh disputed evidence and resolve conflicts in the evidence on summary judgment.").

**S16X1053**

2. The sole issue raised in wife's cross-appeal is whether the trial court erred when it determined that Edwin intended to convey to Burt a life estate in the real property described in Item Six of his will. To resolve this issue, we construe the provisions of Edwin's will by looking at its four corners and giving consideration to all of its parts, the paramount objective being to determine his intent. See Smith v. Ashford, 298 Ga. 390, 393 (1) (782 SE2d 251) (2016); Lewis v. Mitchell, 216 Ga. 526, 527 (3) (117 SE2d 901) (1961). "We must also

6

bear in mind that, 'where property is devised in language sufficient to pass a fee-simple estate, the devise should not be held to convey a lesser estate unless it is clear from a subsequent provision of the will that such was the intention of the testator.'" (Citation omitted.) <u>Thompson v. Blackwell</u>, 296 Ga. 443, 445-446 (769 SE2d 46) (2015).

The first sentence of Item Six bequeaths and devises to Burt certain real property. Although this sentence, considered alone, appears sufficient to convey to Burt a fee simple interest in that property, the sentence immediately following provides that the same property shall be given to Burt's heirs, "at [Burt's] death." Considered together, these sentences convey a clear intent to grant Burt only a life estate in the described property. The phrase "at his death" references a certain event and directs that, upon the occurrence of that event, the property shall be given to Burt's heirs. We, therefore, agree with the trial court's conclusion that the "definite and certain" language of Item Six created for Burt's benefit a life estate in the property with the remainder to go to Burt's heirs upon his death.[4] See <u>Thompson</u>, 296 Ga. at 446-447 (1) (holding that testator

_____

[4] The cases upon which wife relies in urging an opposite conclusion are distinguishable. For example, in <u>Chandler v. Chandler</u>, 249 Ga. 575, 575 (292 SE2d 685) (1982), the challenged bequest included language expressing the testator's "desire" that his

7

intended to grant a life estate to his wife in certain described real property where Item II of the will granted his wife a fee simple interest in the property but Item III gave the same property to the testator's son and his children, "upon the death" of testator's wife); Vaughn v. Howard,  75 Ga. 285, 286-287 (1885) (holding that where Item II of will gave testator's wife lands for life "in fee simple" and Item IV of will gave same lands to testator's son and three daughters, it was testator's clear intent to give wife life estate with remainder to his children). The trial court's determination that Item Six bequeathed a life estate in the described property is, therefore, affirmed.

Judgment affirmed in Case No. S16X1053.  Judgment reversed in Case No. S16A1052.  All the Justices concur.

---

estate pass to his son following his wife's death.  We held that the testator's use of precatory language showed his intent to devise a fee simple estate to wife.  Here, there is no precatory language indicating it was Edwin's mere hope or desire that the property be given to Burt's heirs at his death.  See also Daniel v. Stewart, 152 Ga. 423 (110 SE 178) (1921).