# Court of Appeals
# of the State of Georgia

ATLANTA,  February 19, 2019

*The Court of Appeals hereby passes the following order:*

**A18A1668. ROOSEVELT THOMPSON et al. v. ELENOR BLACKWELL et al.**

In 2015, Elenor Blackwell and Nakamura Jenkins (the "Plaintiffs") filed an action to partition jointly owned property with Roosevelt Thompson, Rosa Ann Myles, Fayette Thompson, Diane Thompson, and Jacqueline Thompson-Bragg (the "Thompson Group"). The partition action stemmed from a Supreme Court decision, *Thompson v. Blackwell*, 296 Ga. 443 (769 SE2d 46) (2015), in which the Supreme Court held that a will gave the Plaintiffs a one-half interest in three tracts of land, and the Thompson Group the other half interest.

On December 6, 2016, the trial court ordered that the action should proceed as an equitable partitioning, and set out the procedure to appoint a receiver/partitioner, the submission for any proposed sales, and the confirmation of the report from the receiver/partitioner after a sale. The trial court reentered the order on March 27, 2017 because the December 6, 2016 order was not served on all parties.

During the pendency of the case, the Thompson Group sought leave to amend their answer and to add the Plaintiffs' attorney as a third-party defendant in order to allege RICO violations against the Plaintiffs and their attorney. Ultimately, on January 4, 2018, the trial court awarded attorney fees against the Thompson Group under OCGA § 9-15-14 (a) and (b) for asserting legal theories that lacked substantial justification either in law or in fact and for asserting such theories for the purpose of harassment.  That same day, the trial court also entered several other orders denying the Thompson Group's motions to set aside various prior orders entered in the case, denying their motion to amend, denying their motion for judgment of the pleadings, denying their motion to consolidate this case with another action, and denying their

motion for sanctions.

The Thompson Group subsequently filed a notice of appeal, seeking review of the trial court's January 4, 2018 orders and all prior orders in the case. We, however, lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995); see also OCGA § 5-6-34 (a) (1). Here, there is no indication in the appellate record that the trial court appointed a receiver/partitioner or approved a sale, or that the properties have been confirmed by the trial court as sold. Accordingly, the case remains pending below. Cf. *Pack v. Mahan*, 294 Ga. 496, 496 n.1 (755 SE2d 126) (2014) (An "order that the property be sold was final and appealable"). The Thompson Group therefore was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the trial court's order. See OCGA § 5-6-34 (b); *Miller v. Miller*, 282 Ga. 164, 164-165 (646 SE2d 469) (2007) Their failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/19/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*