# Court of Appeals
# of the State of Georgia

ATLANTA,  June 08, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1138. JACQUELINE THOMPSON-BRAGG v. C. DANE PERKINS et al.**

This appeal involves an ongoing dispute between the heirs of Hodge and Hattie King concerning four tracts of land that the Kings jointly owned as tenants in common during Hodge's lifetime. In *Thompson v. Blackwell,* 296 Ga. 443, 447 (1) (769 SE2d 46) (2015), the Supreme Court held that under Hodge's will, his interest in the property went to Hattie as a life estate with the remainder to Hodge's son and grandchildren, including Jacqueline Thompson-Bragg (collectively referred to as the "Thompson Group").

Following the trial court's rulings on the subsequent partition actions, this Court vacated and remanded the trial court's partition rulings with instructions to follow the mandatory provisions of the Uniform Partition of Heirs Property Act ("UPHPA"). *Myles et al. v. Blackwell et al.*, Case No. A19A2492 (decided March 13, 2020). This Court also vacated and remanded the trial court's award of attorney fees against the Thompson Group and reversed the trial court's rulings on the Thompson Group's counterclaims. On January 27, 2021, the trial court entered a new order.

Dissatisfied with the new order, Thompson-Bragg has filed an original mandamus petition in this Court against the Turner County Superior Court and Judge C. Dane Perkins to compel the respondents to (1) issue an order declaring all orders in this case void, vacate the trial court's January 27, 2021 order, and issue a partition order that follows the mandatory procedures of the UPHPA; (2) issue an order awarding her no less than $1,000,000 in damages on her counterclaims or hold a hearing on the amended counterclaims; and (3) reassign the case to another judge. This case is not, however, subject to original mandamus relief by our Court.

Appellate courts have mandamus authority in aid of their jurisdiction, see Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, but the need to resort to the appellate courts for such relief is "extremely rare" because "the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction[.]" *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983). This is not one of the extremely rare instances in which this Court will exercise original mandamus jurisdiction. See *Gay v. Owens*, 292 Ga. 480, 482-483 (2) (738 SE2d 614) (2013). Until Thompson-Bragg has pursued relief in superior court and obtained a ruling thereon, there is no basis for this Court to exercise jurisdiction. See *Brown*, 251 Ga. at 436-437. Accordingly, this petition for writ of mandamus is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,* ___06/08/2021___

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*